## RAYMOND VS. PAULI.

*Execution sale of land, not in separate parcels; rights of subsequent mortgagee, as against such sale.*

1. An execution sale of land in disregard of the law which requires it to be offered in separate parcels, is *voidable* at the instance of the party aggrieved, but not *void.*
2. Except under special circumstances of fraud or mistake excusing the delay, the application to set aside the sale for such irregularity must be made before the time for redemption from the sale expires and a deed is issued.
3. It is doubtful whether a subsequent mortgagee can have the sale set aside on that ground.
4. *It seems* that, except in cases of fraud or evident mistake excusing the delay, such mortgagee must bring his suit in equity to redeem from the execution sale within the two years allowed by statute for a redemption by those who have the legal right to redeem.
5. In such a case, the mortgagee suing to redeem should have a conditional order made requiring him to pay the costs of the execution sale only in case no seasonable application is successfully made by the judgment debtor, or other person aggrieved, to set the sale aside.
6. If the mortgage debt falls due within the two years allowed for redemption, such mortgagee may make the purchaser at the execution sale a party to an action to foreclose, and pray for a redemption against him.
7. In an action for partition by one who claimed an undivided interest in land, acquired by purchase at the execution sale, the action being brought *after* the time for redemption had expired: *Held,* that one who had purchased at a sale on foreclosure of a subsequent mortgage, could not defend on the ground that the execution sale was irregular in that the land was not offered in parcels, and that he had no *actual* knowledge of such sale; it appearing that he had *constructive* notice by the due filing of a duplicate certificate of the sale in the register's office.

APPEAL from the Circuit Court for *Racine* County.

Action for a partition, the plaintiff claiming to own an undivided half of the premises, and the defendant denying such claim. The facts alleged in the answer and found by the court, are substantially as follows : On the 5th of June, 1858, Elisha and Seneca Raymond, owning the whole of said premises, mortgaged the same for $500, payable in three years, with interest at 12 per cent. At the date of the mortgage there was an unsatisfied judgment against Elisha Raymond and one Skinner, for $222. In November, 1860, an execution upon this judgment was levied upon all the interest of said Skinner and said Elisha Raymond, or either of them, in the undivided third of three several lots in the city of Racine, and the undivided half of four other lots, of which the premises in question formed a part, and the south half of two other lots, and twelve feet from the west end of two other lots. In January, 1861, the lands thus levied upon were sold in one parcel, by direction of the attorney of the judgment creditors, to satisfy said judgment, and were purchased by said creditors for $252.52, their total value at that time being $4,650. On the same day the sheriff executed certificates of said sale, and filed one in the office of the register of deeds of said county ; in which it was stated that the sale would become absolute at the expiration of twenty-seven months from that day, unless the premises should be sooner redeemed, &c. In October, 1861, an action was commenced to foreclose the mortgage above mentioned, and judgment of foreclosure was rendered at the February term, 1862, of said court, and the premises were duly sold May 21st, 1862, to the defendant for $825, and a deed executed by the sheriff, which was recorded the next day. Defendant went into immediate possession of the premises under this deed, and has retained possession ever since. In June, 1865, the certificate of the sale on execution above mentioned, was assigned to the plaintiff, and

the sheriff executed to him a deed of all the premises embraced in said sale, including an undivided half of the premises of which partition is here sought. "Defendant had no actual knowledge or notice of said judgment or execution against Raymond & Skinner, nor of the levy upon or sale of the premises [in question] to satisfy said judgment, nor of the advertising of said sale, nor of the issuing of the certificates, nor of the assignment to plaintiff, nor of the execution of the deed to plaintiff, until about the time of the commencement of this action."—Upon these facts the circuit court held that the execution sale was irregular, and should be set aside as to the premises in question, and the sheriff's deed thereon, so far as it attempts to convey said premises, should be adjudged invalid.

Judgment for defendants accordingly; and plaintiff appealed.

*Paine & Millet* (with whom was *C. W. Bennett*, of counsel), for appellant, to the point that the execution sale was only voidable and not void, cited *Cunningham v. Cassidy*, 17 N. Y., 276; *Jackson v. Newton*, 18 Johns., 362; *Tiernan v. Wilson*, 6 Johns. Ch., 411; 1 id., 502; 5 Cow., 269; *Vilas v. Reynolds*, 6 Wis., 214; *Bunker v. Rand*, 19 id., 253. They also contended that the only right the defendant had as a purchaser at the foreclosure sale, was that of redeeming within the two years allowed the judgment debtor; and that if he acquired any right to have the sale set aside for irregularity, he should have applied before the deed on that sale was issued.

*Fuller & Dyer*, for respondent, cited R. S., ch 134, sec. 47; 18 Johns., 355; 13 id., 102; 1 Binney, 61; 1 Johns. Ch., 502; 6 id., 512; *Wordye v. Bailey*, Noy, 59; *Ex'rs of Stead v. Course*, 4 Cranch, 403; *Cunningham v. Cassidy*, 17 N. Y., 276. They further contended that defendant's ignorance of the judgment, execution, sale, &c., was a reasonable excuse for his delay in applying to have the judgment set aside. To the point that defendant acquired the right of redemption, they

cited R. S., ch. 134, sec. 55, and argued that as the *party in interest*, standing in Elisha Raymond's place, he was aggrieved by the illegality of the sale, and might move to have it set aside.

DIXON, C. J.    An execution sale of land in disregard of the law which requires it to be offered in separate parcels, is not void, but only voidable at the instance of the party aggrieved. The remedy is, to apply within a reasonable time, and have the sale set aside on that ground.    *Bunker v. Rand*, 19 Wis., 258. Undoubtedly a reasonable time must be some time within the period fixed by law for a redemption.    If that period is allowed to expire, and a deed to be executed, the application cannot afterwards be made, unless under special circumstances of fraud or mistake, showing some reasonable excuse for the delay ; and then it must be made to a court of equity.    But it is very doubtful whether a subsequent mortgagee of a part or the whole of the premises can at any time make the application.    How can he be said to be prejudiced by such an irregularity in the sale?    If he wishes to redeem from the judgment before sale on execution, he can do so only by paying the whole judgment.    The same is true in case he redeems after the execution sale.    His rights, therefore, are the same after the sale as before, except, perhaps, that he might, in certain cases be liable to lose the costs of the sale.    If he should redeem within two years from the time of the sale (as I think he must do, except in cases of fraud or evident mistake excusing the delay), and the judgment debtor or owner of the land should, afterwards, and before the expiration of two years, apply to the court from which the execution issued, and cause the sale to be set aside, the costs of the sale might be lost. But as a mortgagee has no legal right of redemption under the statute (R. S., ch. 134, secs. 55, 60), but must, in the proper case, apply to a court of equity upon his equitable right, this

objection may, in every instance where the sale is irregular, be easily obviated by suitable directions to be contained in the judgment. A conditional order may be made for the payment of the costs in case no reasonable application is made by the judgment debtor, or other person aggrieved, to set the sale aside. I think, therefore, that a subsequent mortgagee cannot apply to set aside the sale for the irregularity, but that his on- ly remedy is upon his equitable right by action to redeem. If the mortgage debt is due, he may foreclose and make the pur- chaser at the execution sale, or holder of the certificate, a par- ty, and pray a redemption, and thus complete relief will be afforded in one action. If the debt is not due, then an action to redeem must be instituted. But in either case, unless the delay is excused, the action must be commenced within two years from the date of the sale, or the right of redemption is gone. Equity follows the law in such cases, and the mort- gagee has no longer time to redeem than the judgment debtor or mortgagor himself. *Russell v. Allen*, 10 Paige, 249 ; *Cun- ningham v. Cassidy*, 17 N. Y., 282. The mortgagee, the same as the judgment debtor, is deemed by his acquiescence to have waived the irregularity, and the title of the purchaser at the execution sale becomes absolute. Such seems to be the con- dition of the defendant in this case. Having made no attempt of any kind to impeach the plaintiff's title until the commence- ment of this action, it is too late now for him to do so. If ever irregularity of this kind can be waived, it appears to me it has been most effectually done here. At any time before the judgment of foreclosure and sale under the mortgage, the mortgagee might have commenced his action to redeem, or he might have made the purchasers at the execution sale parties to the foreclosure action, and asked a redemption. After the foreclosure sale and the making and delivery of the sher- iff's deed to the defendant as purchaser, the defendant had a legal right of redemption under the statute. R. S., ch. 134,

sec. 55, subd. 3. He might have so redeemed at any time after the 21st day of May, 1862, and before the 5th day of January, 1863. He seeks to excuse himself for not having done so only on the ground that he had no actual knowledge of the recovery of the judgment, the issuing of the execution, and the sale thereon. This is no excuse at all. He had constructive notice of all these things. A duplicate certificate of the execution sale was filed by the sheriff in the office of the register of deeds on the day of the sale, and the defendant was bound to take notice of that. If he bought without examining the records and knowing the condition of the title, it is his own fault. The law will not excuse such negligence. If such an excuse were allowed, a great number of titles in the country could be overturned. There would be no security under our registry laws, and it is impossible to foretell where the mischief would end. I do not think this or any other ground of defense offered sufficient to justify the judgment of the court below. I think the judgment should be reversed.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.