Raymond vs. Holborn.

RAYMOND vs. HOLBORN.

SALES ON EXECUTION : *Who may object that the land was not sold in parcels — Who affected with constructive notice — Rights of purchaser at execution sale as against sale on foreclosure of a subsequent mortgage, where prior mortgagee made a party and paid.*

1. The objection that land was not sold in separate parcels at an execution sale cannot be taken after the time for redemption has expired, by the judgment debtor himself, by one holding a mortgage of the land, or by a purchaser on foreclosure of such mortgage.
2. A purchaser at a foreclosure sale takes with constructive notice of any prior sale on execution.
3. Where, on foreclosure of a second mortgage, the prior mortgagee is made a party, and his mortgage is first paid, pursuant to the decree, from the proceeds of the sale, the purchaser takes his rights as against the lien of a judgment intermediate between the two mortgages.
4. The purchaser at the execution sale has a right to redeem by paying the amount of the prior mortgage, or his equitable proportion thereof, where the lands sold on execution are only *a part* of those covered by the mortgage sale.

APPEAL from the Circuit Court for *Racine* County.

Action by *Hyland Raymond* against *Francis Holborn*, for a partition of lots 5 and 6, block 1, in the city of Racine, of which he claimed to be owner of an undivided one-third. De- fendant claimed a paramount right to the whole. The facts found by the court were as follows : On the 26th of December, 1856, Elisha Raymond, Seneca Raymond and one Dutton, being then owners of said lots, mortgaged them to one Moss for $3,000, payable within one year, with interest. On the 21st of August, 1857, they mortgaged the same lots to Lucy J. Hol- born for $3,000, payable in two years, with interest. On the 31st of May, 1862, an action was commenced to foreclose the Holborn mortgage, in which Moss was made defendant, and he answered, setting up his mortgage as a prior lien, and stating the amount due thereon. On the 29th of September, the Hol- born mortgage was assigned to plaintiff. Shortly after, judgment was rendered in said foreclosure action, in favor of Lucy J. Holborn and of Moss, for the amounts due on their respective mortgages ; and the premises were ordered to be sold, and the proceeds of the sale, after paying costs of suit, etc., to be ap- plied, first, to pay the amount found due on the Moss mortgage, and the balance to pay the Holborn mortgage. The premises were sold, accordingly, January 29, 1863, to defendant, and the proceeds disposed of pursuant to the judgment; and the sale was confirmed, and sheriff's deed executed in due form to de- fendant, who had since been in possession of the lots. On the 20th of June, 1857, a judgment in favor of one Dewey and one Rhodes, against one Skinner and the above-mentioned Elisha Raymond, for $222, was recovered in said circuit court; and on the 16th of November, 1860, execution issued against the property of said Skinner and Elisha Raymond, under which the undivided one-third of said lots 5 and 6, and also a number of other lots in the city of Racine, were levied upon, and on the 5th of January, 1861, were sold *in one parcel* by direction

of the attorney of Dewey and Rhodes, although they were capable of being sold in separate parcels; and they were sold to Dewey and Rhodes for $253, though their total value was $4,650. A certificate of sale was executed and filed in the usual form, stating that said sale would become absolute at the expiration of twenty-seven months from the date thereof, unless the premises should be sooner redeemed, etc. On the 8th of June, 1865, said certificate of sale, and all the title and interest of Dewey and Rhodes under it, were assigned to the plaintiff; and the sheriff's deed in pursuance thereof was executed to him. Defendant had no actual knowledge of said judgment, nor of any of the subsequent proceedings thereon until about the commencement of this action. On these facts the court held that the sale on the execution was irregular and should be set aside, and the sheriff's deed annulled, as to the premises here in dispute; that the Moss mortgage was a lien upon the premises paramount to that of the Dewey and Rhodes judgment, and that defendant was entitled to judgment for his costs.

The plaintiff excepted to the conclusions of law, and appealed from the judgment.

*Paine & Millet*, for appellant, contended that the execution sale, though irregular, was *not void*, and would only be set aside at the instance of the party aggrieved, on application before the time to redeem had expired, citing 17 N. Y. 276; 18 Johns. 362; 6 Johns. Ch. 411; 1 id. 502; 5 Cow. 269; *Vilas v. Reynolds*, 6 Wis. 214; *Bunker v. Rand*, 19 id. 253; *Raymond v. Pauli*, 21 id. 531. 2. In a proceeding under chap. 142, R. S., for partition, the pleadings and proceedings are entirely governed by that chapter, and equitable defenses are not allowed. 16 N. Y. 80; 17 id. 210, 218; 1 Johns. Ch. 111; 4 Barb. 493; 21 id. 9; 11 N. Y. Leg. Obs. 116. 3. Moss was not a necessary party to the foreclosure of the Holborn mortgage (14 Wis. 509; 13 id. 10), and was made a party only for the purpose of paying off his mortgage. There was no

prayer that his mortgage might be foreclosed, and nothing in the decree purporting to foreclose it. But, even if we admit that it was foreclosed, the plaintiff herein was not a party, and his rights are not barred.

*Fuller & Dyer,* for respondent:

1. In *Raymond v. Pauli,* 21 Wis. 531, this court holds that an execution sale of land in disregard. of the statute which requires it to be offered in separate parcels, is voidable. at the instance *of the party aggrieved.* In *Cunningham v. Cassidy,* 17 N. Y. 278, DENIO, J., says: "*A party in interest,* applying within a reasonable time, would have the right to set such a sale aside." The plaintiff, by his purchase at the foreclosure sale, became the party in interest, and was the party aggrieved by the irregularities in the execution sale. 2. The answer in this case is substantially what a complaint would be in an action to redeem, and performs substantially the office of a bill to redeem.*

3. COMSTOCK, J., in *Cunningham v. Cassidy,* says that, after acquiescence in the sale until the time for redemption has expired, a party must show some reasonable excuse for the delay. By this we suppose him to mean any reasonable excuse that may be addressed to a court of equity. Defendant's excuse here is, that he had no actual knowledge or notice of the execution sale until this suit was commenced. In *Raymond v. Pauli,* it is said that this is no excuse at all. We submit, that, in dealing with these parties *according to their equitable rights,* it is a reasonable excuse. Counsel further argued that the court in a partition suit, under the statute, were to consider the equitable rights of the parties, citing especially § 20, chap. 142, R. S.; and that the defendant's equities were superior to those of the plaintiff, who claims under a sale which must be considered

---

* By the answer the defendant offered to pay so much of the Dewey and Rhodes judgment as the court might adjudge to be the equitable proportion thereof chargeable upon said undivided one-third of said lots four and five.

*fraudulent*, according to the principle laid down in *Tiernan v. Wilson*, 6 Johns. Ch. 412. 4. The Moss mortgage was a paramount lien to the Dewey and Rhodes judgment, and was foreclosed in the suit to foreclose the Holborn mortgage, and defendant's rights as purchaser at the sale are, therefore, superior to those of plaintiff.

COLE, J. One of the principal questions discussed in this case, namely, whether the defendant was in a position to take advantage of the irregularity in the execution sale, has, in effect, already been decided in the negative in *Raymond v. Pauli*, 21 Wis. 531. The counsel for the defendant struggled somewhat with the doctrine of that case, and further attempted to show that there were some facts involved in the present one which really rendered that decision inapplicable. But we are unable to distinguish the cases in principle. It must be admitted that the statutory right of redemption from the execution sale was gone at the time of the foreclosure sale under the Holborn mortgage. The mortgagee in that mortgage had made no effort to redeem from the judgment while the right to redeem existed. She, as well as the judgment debtors, must therefore be presumed to have acquiesced in the sale, even if she could have in any way taken advantage of the irregularity in not selling the real estate levied on in tracts and parcels separately—an objection it is doubtful about her being able to make to the sale. The purchaser at the foreclosure sale must be deemed in law to have had notice that the title of the purchaser at the execution sale had become absolute. It is said that he had no actual knowledge of the existence of the Rhodes and Dewey judgment, or of the sale under it. But he must be held to have had constructive notice, at least. The judgment and certificate of sale were matters of record, and had he taken the trouble to examine in respect to the title, he would have learned all about them. This he did not do. Now, upon what prin

ciple can the purchaser at the foreclosure sale ask a court of equity to set aside the sale on the execution? We have already seen that the judgment debtors could not, after the period of redemption had expired, set aside the sale because the land was not sold in separate parcels. Nor had the mortgagee of the Holborn mortgage any such right. What superior right or equity can the purchaser at the foreclosure sale have to disturb that sale? It is said that he has become interested in the property. True, but can he claim any greater rights therein than the original mortgagors and mortgagee of the Holborn mortgage, so far as the irregularities in the execution sale are concerned? We think not. And if neither of those parties had the right to redeem from the judgment, nor to set the sale aside, it is difficult to understand upon what ground the defendant can do what they could not.

The title of the purchaser at the execution sale, then, having become perfect, what is the true relation of the parties? We are disposed to hold that such purchaser took his title, and still holds it, subject to the prior mortgage interest. Of course the Moss mortgage was paramount and superior to the Rhodes and Dewey judgment. This is not denied. But it is claimed by the counsel for the plaintiff, that, on the foreclosure of the Holborn mortgage, the Moss mortgage was simply paid and discharged. Was this so? In the foreclosure suit brought by Lucy J. Holborn, Moss, the prior mortgagee, was made a party defendant. He came in and answered, setting up his rights. Judgment was rendered, that the property covered by the mortgage be sold, and that the Moss mortgage be first paid out of the proceeds of the sale. This was done, and the proceeds so applied.

The Moss mortgage was paid by the sale of the property, and the purchaser at the foreclosure sale took title as well by virtue of the foreclosure of the first as of the second mortgage. Or, if it is not technically correct to say that the Moss mortgage

was foreclosed, at all events the interest in that mortgage was transferred to the purchaser by that proceeding, and a court of equity will keep it alive if necessary to protect his rights. What equity is there in saying that the plaintiff takes his parcel of the mortgaged premises discharged of that lien? And why should not the purchaser at the foreclosure have the benefit of a sale which was made to satisfy one mortgage as well as the other? It is true, the prior mortgagee was not an indispensable (though a proper) party to a suit to foreclose the second mortgage. But being made a party, and coming in and demanding payment of his debt, the sale of the land is made to satisfy both liens. The plaintiff's rights, however, were not cut off by the sale, because he was not a party to the suit. And as his judgment lien was subsequent to the Moss mortgage, he ought not to claim any better position since the foreclosure sale. He can redeem by paying his equitable proportion of the prior incumbrance. But whether he can do that in this suit, or whether this action for partition should be stayed until a separate suit is brought for that purpose, is a question of practice that we are not clear enough upon to express an opinion. At all events, the plaintiff was not entitled to the relief demanded in the complaint, because the defendant's rights, to the extent of the Moss mortgage, were paramount. But the circuit court set aside the sale made upon the execution issued on the Rhodes and Dewey judgment, and adjudged the sheriff's deed to be ineffectual to vest the title in the plaintiff. It follows from the views already expressed, that this was error.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for further proceedings.