SENSENBRENNER, Plaintiff and Appellant, v. KEPPLER, Defendant: WOLTER, Executrix, Defendant and Respondent.

*September 1—September 29, 1964.*

For the appellant there was a brief by *Cape & Oberwetter* of Milwaukee, and oral argument by *Charles W. Cape.*

For the respondent there was a brief and oral argument by *Albert J. Cirilli* of Rhinelander.

FAIRCHILD, J. 1. *Timeliness of application.* In 1865, this court held that where a judgment debtor was prejudiced by an irregularity in the conduct of a sale on execu-

tion, the debtor's remedy was to apply within a reasonable time and have the sale set aside.[1]

In 1867, the court said:

"Undoubtedly a reasonable time must be some time within the period fixed by the law for a redemption. If that period is allowed to expire, and a deed to be executed, the application cannot afterwards be made, unless under special circumstances of fraud or mistake, showing some reasonable excuse for the delay; and then it must be made to a court of equity."[2]

At a time when the statutory period of redemption was two years, this court held that twenty months' delay in making an application, based upon irregularities in the sale, was unreasonable.[3]

In the cases where this court has approved or directed the setting aside of a sale, upon application made after the period of redemption, the applicant has shown not only inadequacy of price and irregularity in procedure, but has also shown that he was ignorant of the sale until after the period of redemption had expired, and had applied promptly after learning of it.[4]

We conclude that where an application to set aside a sale of real estate on execution is made after expiration of the period of redemption, it is to be denied[5] unless the applicant shows special circumstances of fraud or mistake, amounting to a reasonable excuse for delay. Although one of the elements of the defense of laches in a court of equity is that the granting of relief would, by reason of

[1] *Bunker v. Rand* (1865), 19 Wis. 271, 276 (*253, *258).

[2] *Raymond v. Pauli* (1867), 21 Wis. 538, 541 (*531, *534); *Raymond v. Holborn* (1868), 23 Wis. 57, 62.

[3] *Foster v. Hall* (1878), 44 Wis. 568, 569.

[4] *Grede v. Dannenfelser* (1877), 42 Wis. 78; *Kissinger v. Zieger* (1909), 138 Wis. 368, 376, 120 N. W. 249.

[5] See 21 Am. Jur., Executions, p. 297, sec. 616.

the delay, prejudice the party asserting laches,[6] the burden in the type of proceeding before us is upon the late applicant to excuse delay, and not upon the opponent to establish all the elements of laches.

Sensenbrenner presented affidavits of his wife, son, and attorney, as well as his own. They set forth a number of immaterial statements as to ill will between Wolter and the Sensenbrenners. Other allegations, all in general terms, are that the sheriff, former county judge, and Wolter have impeded Sensenbrenner's attempts to pay the judgment; that local attorneys have refused to represent Sensenbrenner because of Wolter's political standing; that the county judge put Sensenbrenner in jail during the period of redemption (for several days, as indicated by the record); that Sensenbrenner's family has had hardships and financial difficulties. Sensenbrenner's attorney stated he had found defects (unspecified) and confusion in the court records.

Sensenbrenner stated in his affidavit, signed in 1962, that the real estate obtained by Wolter "is valued" in excess of 10 times the amount paid at the sales in 1956 and 1957.

The affidavits of Wolter and the sheriff assert the sales were fairly conducted; that Sensenbrenner was present and made no objection. Wolter stated that in bidding he took into consideration that the interest bought was an undivided half interest with Mrs. Sensenbrenner as cotenant, and that partition would be necessary.

As stated by Sensenbrenner, the claim of inadequacy of price as of the time of sale is vague. Moreover, even upon a timely application to set aside a judicial sale or a sale on

---

[6] *Diehl v. Dunn* (1961), 13 Wis. (2d) 280, 286, 108 N. W. (2d) 519; *Greenfield v. West Milwaukee* (1956), 272 Wis. 215, 232, 75 N. W. (2d) 424; *Estate of Seefeldt* (1957), 1 Wis. (2d) 509, 516, 85 N. W. (2d) 500; *Estate of Korleski* (1964), 22 Wis. (2d) 617, 622–623, 126 N. W. (2d) 492.

execution, where the matter is deemed to rest in the sound discretion of the court, a sale will not be set aside simply because the price obtained is inadequate unless the inadequacy is so gross as to raise a presumption of fraud, unfairness, or mistake.[7]

The claim that Sensenbrenner was present at both sales is not controverted. He had one year in which to redeem by paying the sale price with interest.[8] He failed to redeem and waited five years after the expiration of the redemption period in one case, and more than four years in the other before making his application. Under the applicable rules it is clear that no reasonable excuse has been offered.

2. *Property in custodia legis.* Sensenbrenner claims that the sales, at least the sale in 1957, could not be valid because a receiver was appointed in supplementary proceedings on execution upon the same judgment December 12, 1956. Appellant argues that property in the custody of the court, through receivership, could not be subjected to execution sale. The order appointing the receiver, except for a possibly ambiguous reference to "equitable interests, rights" clearly dealt only with personal property. In any event, Sensenbrenner is concluded, by his delay, from raising the point, whether or not the receiver would be in a position to raise it.

3. *Omission of testimony.* Apparently Sensenbrenner asked the court to hear testimony when the motion was argued, but the court declined, reserving testimony to a further hearing, if held. We assume that the court intended to take testimony if, after consideration of the affidavits and the applicable law, there appeared to be issues as to material facts, requiring testimony for resolution.

A party does not have an absolute right to present testimony on a motion. Sec. 269.32 (1), Stats., requires that a

---

[7] *Gumz v. Chickering* (1963), 19 Wis. (2d) 625, 633–635, 121 N. W. (2d) 279, and cases there cited.

[8] Sec. 272.39, Stats.

notice of motion or order to show cause specify the irregularities complained of. Sec. 269.32 (3) authorizes the taking of testimony on the hearing of a motion. We have said that this authorization is "in order to resolve an issue of fact, the determination of which is necessary or proper in order to decide a motion." The court has discretion in the matter.[9] Sensenbrenner's affidavits did not make a sufficient showing to entitle him to relief, and there was no abuse of discretion in declining to hear testimony.

*By the Court.*—Order affirmed.

BEILFUSS, J., took no part.

---

[9] *Bloomquist v. Better Business Bureau* (1962), 17 Wis. (2d) 101, 103, 115 N. W. (2d) 545.