# VARCO-PRUDEN DIV. AMCA INTERNATIONAL CORP., Plaintiff-Respondent,

## v.

## John HANSEN, Defendant-Appellant. †

Court of Appeals

*No. 89-0110. Submitted on briefs April 28, 1989.—Decided September 7, 1989.*

(Also reported in 448 N.W.2d 262.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Jonathan M. Hajny,* of Oregon.

For the plaintiff-respondent the cause was submitted on the brief of *Nowlan & Mouat* by *William S. Wood,* of Janesville.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J. John Hansen appeals from an order of the circuit court denying his motion to set aside an execution sale of real estate. The issue is whether Hansen's motion was timely, having been brought after the expiration of the one-year redemption period of sec. 815.39, Stats.,[1] but within the fifteen-month redemption

---

[1]Section 815.39, Stats., provides that the judgment debtor may redeem within one year after the execution sale. The statute provides:

> Within one year after an execution sale the real estate sold or any lot, tract or portion that was separately sold may be redeemed by the payment to the purchaser, his personal representatives or assigns, or to the then sheriff of the county where such real estate is situated, for the use of such purchaser, of the sum paid on the sale thereof, together with the interest from the time of the sale.

Section 815.40, Stats., provides, in part, that this right of redemption "may be made by a person whose right and title was sold.",

period of sec. 815.44(2)[2] and before he was divested of title to the real estate under sec. 815.54.[3] Because we conclude that Hansen's motion was not timely, we affirm.

On February 23, 1987, Varco-Pruden obtained a judgment against Hansen for $20,171.49 and sought to have the judgment enforced by execution. On July 10, 1987, Hansen's real estate was sold at a sheriff's execution sale to Varco-Pruden for $20,174.49. Varco-Pruden later assigned its rights in the purchase to William Wood.

On October 6, 1988, Hansen brought a motion to set aside the execution sale because the sale price "derived thereat is so inadequate that it is inequitable, against good conscience, and unfair to permit the sale to stand." The circuit court denied Hansen's motion, concluding that the motion was untimely because it was not brought within the one-year redemption period of sec. 815.39, Stats., and because he did not show special circum-

[2]Section 815.44(2), Stats., provides:

> Any creditor of the person against whom such execution issued having a judgment or a recorded mortgage which is a lien upon the premises sold, or upon any lot or parcel or portion separately sold, may within fifteen months from the time of such sale by paying the sum paid on the sale thereof, together with interest from the time of such sale, thereby acquire all the rights of the original purchaser, subject to be defeated in the manner mentioned in s. 815.48.

[3]Section 815.54, Stats., provides:

> The right and title of the person against whom the execution was issued, to any real estate which shall be sold thereby, shall not be divested by such sale until the expiration of fifteen months from the time of sale; and if such real estate shall not have been redeemed and a deed shall be executed in pursuance of a sale the grantee shall be vested with the legal estate from the time of the sale for the purpose of an action for an injury to such real estate.

stances of fraud or mistake amounting to a reasonable excuse for delay.

The facts are not in dispute. Thus, to the extent that this case requires statutory interpretation, a question of law is presented. *Thelen v. DHSS,* 143 Wis. 2d 574, 577, 422 N.W.2d 146, 147 (Ct. App. 1988). A question of law is also presented to the extent that we apply past case law. We decide questions of law de novo. *Hartlaub v. Coachmen Industries, Inc.,* 143 Wis. 2d 791, 797, 422 N.W.2d 869, 871 (Ct. App. 1988).

In *Sensenbrenner v. Keppler,* 24 Wis. 2d 679, 682, 130 N.W.2d 177, 178 (1964), the court held that:

> where an application to set aside a sale of real estate on execution is made after expiration of the period of redemption [of sec. 815.39, Stats., (then sec. 272.39, Stats.)], it is to be denied unless the applicant shows special circumstances of fraud or mistake, amounting to a reasonable excuse for delay (footnote omitted).

There, the judgment debtor, Sensenbrenner, brought an application to set aside two execution sales, claiming inadequacy of price. Sensenbrenner brought the application more than four years after the expiration of the judgment debtor's redemption period. *See* sec. 815.39, Stats.

The *Sensenbrenner* court relied on *Raymond v. Pauli,* 21 Wis. 538 [*531] (1867). In *Raymond,* the court discussed when an application to have an execution sale set aside should be brought:

> Undoubtedly a reasonable time [for an application to set aside an execution sale] must be some time within *the period fixed by the law for a redemption.* If that period is allowed to expire, and a deed to be executed, the application cannot afterwards be made, unless

> under special circumstances of fraud or mistake, showing some reasonable excuse for the delay; and then it must be made to a court of equity.

*Raymond,* 21 Wis. at 541 [*534] (emphasis added). Based in part on *Raymond,* the court held that Sensenbrenner's application to set aside the execution sale was untimely because it was brought after the one-year redemption period of sec. 815.39, Stats., and because Sensenbrenner could not show special circumstances of fraud or mistake to excuse the delay. *Sensenbrenner,* 24 Wis. 2d at 684, 130 N.W.2d at 179.

The *Sensenbrenner* court interpreted "the period fixed by the law for a redemption" to refer to the judgment debtor's redemption period. Thus, under *Sensenbrenner,* Hansen's motion would be untimely because it was brought after the judgment debtor's one-year redemption period. Hansen, however, suggests that *Sensenbrenner* is not dispositive here because it did not address whether a judgment debtor may move to set aside an execution sale after the debtor's redemption period has expired but before title passes. He argues that the judgment debtor's one-year redemption period is not the period by which to determine the timeliness of a motion to set aside an execution sale. Rather, he argues, the motion is timely if brought within the fifteen-month redemption period afforded creditors under sec. 815.44(2), Stats., and before the judgment debtor is divested of title to the real estate. We disagree.

*Sensenbrenner,* though helpful, did not address the precise question presented here. However, extending the period in which a judgment debtor can set aside an execution sale would defeat the statutory scheme established for execution sales in ch. 815, Stats. Under sec. 815.44(2), Stats., any judgment creditor or mortgagee who has a lien against the premises executed upon may

redeem within fifteen months after the execution sale. Thus, a judgment creditor or mortgagee has a three-month period in which to redeem, knowing that the judgment debtor no longer may do so.

The judgment debtor could defeat this scheme if allowed to set aside the sale during this three-month period. The legislature must have intended to afford judgment creditors and mortgagees a period in which to acquire the rights and interests of the original purchaser without interference by the judgment debtor. Were we to conclude otherwise, sec. 815.39, Stats., would be unnecessary. We are to avoid this result if possible. *NCR Corp. v. Revenue Dept.,* 128 Wis. 2d 442, 456, 384 N.W.2d 355, 362 (Ct. App. 1986).

We conclude that Hansen's motion to set aside the execution sale was untimely because it was brought after the one-year redemption period of sec. 815.39, Stats., and because Hansen did not show special circumstances of fraud or mistake. The order of the trial court is affirmed.

*By the Court.*—Order affirmed.