HONEYCREST FARMS, INC., Plaintiff-Respondent,†

v.

A.O. SMITH CORPORATION, Defendant-Appellant,

BRAVE HARVESTORE SYSTEMS, INC., and A.O. Smith Harvestore Products, Inc., Defendant.

Court of Appeals

*No. 92–0821. Oral argument April 23, 1992.—Decided June 2, 1992.*

(Also reported in 486 N.W.2d 539.)

†Petition to review denied.

598

For the defendant-appellant, the cause was submitted on the motions of *Roger P. Paulsen, W. Stuart Parsons* and *John A. Casey* of *Quarles & Brady* of Milwaukee.

For the plaintiff-respondent, the cause was submitted on the motion of *Michael P. May, Richard J. Delacenserie* and *James E. Bartzen* of *Boardman, Suhr, Curry & Field* of Madison; and *B.J. Hammarback* of *Hammarback Law Offices, S.C.,* of River Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   A.O. Smith Corporation appeals a default judgment for $3,554,000 in compensatory damages and $7,000,000 in punitive damages in favor of

Honeycrest Farms, Inc., and seeks summary reversal on the ground that the trial court improperly refused to recognize its standing to challenge the adequacy of service of process. In the trial court's view, A.O. Smith's failure to request an extension of time to answer Honeycrest Farms' complaint deprived A.O. Smith of standing to raise the alleged nonservice of process. The trial court also ruled that A.O. Smith's remedy was a motion to vacate the default judgment. We conclude that the trial court should consider A.O. Smith's objections to service of process. We therefore grant the motion for summary reversal and remand the matter for further proceedings.

Honeycrest Farms filed its complaint against A.O. Smith and its wholly owned subsidiary, A.O. Smith Harvestore Products, Inc., on January 17, 1992, seeking compensatory and punitive damages concerning six Harvestore silos purchased from A.O. Smith Harvestore between 1967 and 1981. The complaint alleged four causes of action: strict liability, negligent representation, fraud and advertising fraud.

At a default judgment hearing held on March 26, 1992, Honeycrest Farms furnished a certificate of service by a Milwaukee County sheriff's deputy stating that she served the summons and complaint on January 31, 1992, by giving it to Donald Eckhardt, identified in the certificate as a part of A.O. Smith's management. Honeycrest Farms also read into the record part of the deposition of the deputy sheriff who issued the certificate of service. The deputy confirmed that she served the summons and complaint on Eckhardt. Over A.O. Smith's objection, the trial court refused Eckhardt's counter-affidavit denying service.[1]

---

[1]According to Eckhardt's affidavit, he customarily accepts service of process on behalf of A.O. Smith. He acknowledged that

Section 806.02, Stats., establishes the procedure for default judgments. This statute requires a plaintiff who seeks a default judgment to file with his motion for a default judgment proof of service of the summons and an affidavit that the defendant is in default for failure to join issue. Section 806.02(2), Stats. Before the trial court may enter a default judgment, it must require proof of service of the summons in the manner required by sec. 801.10, Stats. Section 806.02(2), Stats. There is no provision in sec. 806.02 for defendants who wish to contravene the sheriff's certificate and oppose a default judgment on that basis. However, sec. 802.06(2), Stats., provides that defendants who claim a defense of insufficient service of summons or process may raise the defense in the answer or by motion filed before the answer. This statute also provides that defendants waive a defense for insufficient service of process only if they

he was served with a "request for production of documents" in the Honeycrest Farms lawsuit on January 31, 1992. However, he maintained that the "request for production of documents" was the only document served on January 31, 1992. He stated affirmatively that the sheriff did not serve him with a copy of the summons and complaint on January 31, 1992, or at any other time. Eckhardt further stated that he had searched A.O. Smith's records, but had found no evidence that A.O. Smith had been served with a summons and complaint in the Honeycrest Farms lawsuit. Eckhardt conceded in his affidavit that A.O. Smith Harvestore, the subsidiary, had been properly served with a summons and complaint on or about January 28, 1992, and that the subsidiary corporation had filed a timely answer. He acknowledged that the law department for A.O. Smith represented A.O. Smith Harvestore as far as directing and supervising any litigation in which the subsidiary corporation was involved. As a result of this relationship, Eckhardt was aware that the discovery process had begun in the action against the subsidiary.

fail to raise the defense in such a motion or answer. Section 802.06(8)(a), Stats. This procedure replaces the "special appearance," which existed at common-law. RESTATEMENT (SECOND) OF JUDGMENTS § 10, comment b, 100–02 (1982).

We first reject the trial court's holding that A.O. Smith lacked standing to challenge the sufficiency of service of process for the reason that it never moved for an extension of time to file an answer. The court apparently applied the "default judgment" procedure contained in *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 326 N.W.2d 727 (1982), and *Martin v. Griffin*, 117 Wis. 2d 438, 344 N.W.2d 206 (Ct. App. 1984). However, both cases involved defendants who admitted service of process and who had failed to file a timely answer. Under such circumstances, the courts were required to determine whether the defendants had established "excusable neglect" for their failure to file an answer, and therefore an adequate basis for an extension of time to answer the complaint. The *Hedtcke* and *Martin* decisions provide no precedent for the court's summary rejection of A.O. Smith's standing at the default judgment hearing.

We also reject Honeycrest Farms' argument on appeal that A.O. Smith lacked standing because of its alleged failure to comply with sec. 802.06(2), Stats. We initially note that the trial court did not address this argument. We conclude that A.O. Smith substantially complied with sec. 802.06(2). Attorney Michael Schumacher appeared and objected to the court's personal jurisdiction over A.O. Smith and submitted a written brief on the issue. He made clear to the court his position that A.O. Smith had no obligation to file an answer to any complaint that had not been served. He

attempted to offer proof by affidavit that Honeycrest Farms had not consummated service of process, failing only to use the terms "move" or "motion."

Counsel for A.O. Smith was attempting to limit its appearance before the court, concerned about committing an act amounting to a concession of personal jurisdiction. The "special appearance" procedure no longer applies in this state. *See* Judicial Council Committee's Note—1974 to sec. 802.06, Stats. Section 802.06(8) provides that jurisdictional objections are waived only if the defendant omits them from a sec. 802.06(2) motion or the answer. Counsel's objections, affidavit and trial brief were adequate to raise the issue of defective service of process. If not in form, they were in substance the equivalent of a motion under sec. 802.06(2). Trial courts are to disregard any error or defect in pleadings or proceedings which do not affect the substantial rights of an adverse party. Section 805.18(1), Stats. Counsel's failure to "move," in context of the circumstances presented, is a technical defect of no consequence.

On remand, the trial court should permit A.O. Smith to challenge the proof of service of process. An officer's uncontradicted certificate of service is adequate proof of service. Section 801.10(4), Stats. However, defendants may overcome such evidence with "clear and satisfactory proof" to the contrary. *Mullins v. LaBahn,* 244 Wis. 76, 80, 11 N.W.2d 519, 520 (1943); *Arapahoe State Bank v. Houser,* 162 Wis. 80, 82-83, 155 N.W. 906, 907 (1916).

The trial court has discretion concerning the nature of the proof it may consider when it decides whether A.O. Smith was served with the summons and com-

plaint. Section 801.08(2), Stats., recognizes that trial courts may have to resolve factual issues when reviewing questions of personal jurisdiction. The Wisconsin Supreme Court has ruled that the trial courts have discretion regarding the nature of proof they may allow the parties to present. *See Sensenbrenner v. Keppler,* 24 Wis. 2d 679, 684–85, 130 N.W.2d 177, 179–80 (1964). This discretion extends to permitting witnesses to testify. *Pulaski v. State,* 23 Wis. 2d 138, 149, 126 N.W.2d 625, 632 (1964). Here, the trial court may not be able to resolve the question of service from the affidavits and other documentary evidence without witnesses. Where the issue of service is largely a matter of credibility because the evidence is irreconcilably in conflict, it would seem that courtroom testimony is preferable.

We do not hold that due process compels the use of witnesses on issues regarding service of process in every case. Courts have always recognized the flexibility of due process, which requires only the procedural protections a particular situation demands, *In re Estate of Wolff,* 156 Wis. 2d 588, 594, 457 N.W.2d 510, 512 (Ct. App. 1990), and does not compel in-court witnesses in all cases. *Kunzelman v. Thompson,* 799 F.2d 1172, 1177 (7th Cir. 1986). Due process requires nothing more than a hearing that is appropriate to the nature of the case. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985).

*By the Court.*—Judgment reversed and cause remanded for proceedings consistent with this opinion. Honeycrest Farms' motion for costs and attorney fees is denied.