746 N.W.2d 532 (2008)
2008 WI App 28
In re The ESTATE OF Theodore C. BECKER, Deceased.
Stephen J. Bloom, Appellant,
v.
Lorraine Bloom Grawoig, Joann Bloom Carrell Hugo, Judith Seeder Baskin, Nancy Seeder Geller, Stephen Seeder, Barbara Bloom Kreml and Donald G. Bloom, Respondents.
No. 2007AP42.
Court of Appeals of Wisconsin.
Submitted on Briefs September 14, 2007.
Opinion Filed January 31, 2008.
On behalf of the appellant, the cause was submitted on the briefs of Joseph A. Ranney and Michele Perreault of DeWitt, Ross & Stevens, S.C., Madison.
On behalf of the respondents, the cause was submitted on the brief of Thomas J. Vale of Duxstad, Vale & Bestul, S.C., Monroe.
Before HIGGINBOTHAM, P.J., and VERGERONT and BRIDGE, JJ.
¶ 1 BRIDGE, J.
Stephen Bloom appeals the circuit court's judgment in this contested will matter which provided that attorney fees and costs incurred by certain of the deceased's paternal heirs were to be paid from the estate as a whole. Contrary to the circuit court's ruling, Bloom argues that WIS. STAT. § 879.37 (2005-06)[1] permits the award of fees and costs from certain of the paternal heirs' distributive share. We disagree and affirm.

BACKGROUND
¶ 2 Theodore Becker died in December 2000. In his will, Becker bequeathed his entire estate to his mother. However, Becker's mother predeceased him. No closely related heirs-at-law were living, and extensive efforts ensued to determine whether other legal heirs existed. Over the next two years, various individuals filed claims to the estate.
¶ 3 The claimants included eight individuals, among others, claiming to be paternal heirs: Stephen Bloom, Judith Seeder Baskin, Nancy Seeder Geller, Stephen Seeder, Barbara Bloom Kreml and Donald Bloom, (collectively referred to as the "Baskin Group"), as well as Joann Bloom Carrell Hugo and Lorraine Bloom Grawoig. The Baskin Group, together with Joann and Lorraine, are collectively referred to as the "Bloom Heirs." The Baskin Group retained counsel early in the probate proceedings *534 to represent the interests of the eight individuals claiming to be paternal heirs. Joann and Lorraine did not contribute to the cost of this representation.
¶ 4 Some of the claims were disputed, and protracted litigation ensued. The claims were eventually resolved, and are not at issue in the present appeal. On August 24, 2006, following a contested evidentiary hearing, the court entered an order determining the Baskin Group members and Joann and Lorraine (as well as other individuals not involved in this litigation) to be the paternal heirs.
¶ 5 Over the course of the litigation, the Baskin Group incurred approximately $179,000 in attorney fees and costs. In September 2006, the Baskin Group moved for an award of its fees and costs from the Bloom Heirs' share of the estate. In October 2006, Joann and Lorraine retained counsel for the first time, and objected to the Baskin Group's motion.
¶ 6 The circuit court found the fees to be reasonable, necessary and fair. However, the court determined that it had neither statutory under WIS. STAT. § 879.37 nor equitable authority to award the fees out of an heir's distributive share, and instead was required to award the fees out of the estate as a whole. On November 17, 2006, the court entered a final judgment in the matter, which included a provision that the sum of $179,000 was to be withheld from the Bloom Heirs' portion of the estate and placed in a trust account pending resolution of the attorneys fees dispute. One member of the Baskin Group, Stephen Bloom, appeals from this judgment.

STANDARD OF REVIEW
¶ 7 Resolution of this case requires that we construe WIS. STAT. § 879.37. On appeal, statutory construction is a question of law subject to de novo review. State v. Cole, 2000 WI App 52, ¶ 3, 233 Wis.2d 577, 608 N.W.2d 432.

DISCUSSION
¶ 8 Wisconsin has authorized its courts to award attorney fees and costs to prevailing parties in contested will proceedings. Pursuant to WIS. STAT. § 879.37, "[r]easonable attorney fees may be awarded out of the estate to the prevailing party in all appealable contested matters. . . ." (Emphasis added.) The parties do not dispute that the Baskin group was a prevailing party. Instead, the dispute centers around whether § 879.37 limits a prevailing party to recovery from the estate only, or whether the prevailing party may seek to recover costs and fees from the portion of the estate that is distributed to particular heirs.
¶ 9 Bloom acknowledges that no Wisconsin case addresses this issue, but contends that the application of broad equitable principles, coupled with a review of case law from other jurisdictions, achieves the result he seeks. We disagree.
¶ 10 In construing a statute, we look first to the language of the statute itself. State ex rel. Kalal v. Circuit Court for Dane County, 2004 WI 58, ¶ 45, 271 Wis.2d 633, 681 N.W.2d 110. When the statutory language is clear and unambiguous, we do not look beyond the plain words. Id. If the meaning of a statute is plain, our inquiry ordinarily ends there. Id. We conclude that the plain meaning of "out of the estate" references the estate as a whole, rather than a subset of the estate.
¶ 11 Bloom relies on language in Jandrt v. Jerome Foods, Inc., 227 Wis.2d 531, 577, 597 N.W.2d 744 (1999) (involving a claim for fees for frivolously continuing litigation) for the proposition that a court may take equitable principles into account when awarding fees and expenses. *535 Bloom's reliance on this general statement is misplaced. Although equity gives the court power to achieve a fair result in the absence of or in conjunction with a statute, equity does not allow a court to ignore a statutory mandate. See GMAC Mortgage Corp. v. Gisvold, 215 Wis.2d 459, 480, 572 N.W.2d 466 (1998). Even when sitting in equity, a court must nonetheless follow the law. Wynhoff v. Vogt, 2000 WI App 57, ¶ 17, 233 Wis.2d 673, 608 N.W.2d 400. We conclude that the circuit court was correct when it determined that it was not at liberty to ignore the plain meaning of WIS. STAT. § 879.37.
¶ 12 Bloom directs our attention to two cases from other jurisdictions, Cleveland v. Second Nat'l Bank & Trust Co., 149 F.2d 466 (6th Cir.1945), and Brisacher v. Tracy-Collins Trust Co., 277 F.2d 519 (10th Cir.1960). However, both cases are factually distinguishable because, although both involved the award of fees by an equity court, neither case involved a statutory provision analogous to WIS. STAT. § 879.37. These cases are therefore not instructive.
¶ 13 Bloom cites to a single Wisconsin case that deals with the application of WIS. STAT. § 879.37. In In re Estate of Wheeler v. Franco, 2002 WI App 190, ¶ 1, 256 Wis.2d 757, 649 N.W.2d 711, two heirs hired counsel to object to a claim because they determined that the personal representative would not provide vigorous representation. The estate argued that the two heirs were not entitled to attorney fees because the personal representative adequately defended the estate, and the heirs' efforts provided no benefit. Id. The probate court awarded fees to the two heirs out of the estate. Id., ¶ 4.
¶ 14 On appeal, the estate argued in part that the provision in WIS. STAT. § 879.37 which allows attorney fees to be awarded to "the prevailing party," should be interpreted to refer to a single party only. It asserted that the use of the definite article "the" in reference to "prevailing party" in the statute did not authorize fees paid to multiple parties. Wheeler, 256 Wis.2d 757, ¶ 5, 649 N.W.2d 711.
¶ 15 We concluded that the word "the" did not so limit the award of fees. Id., ¶ 9. We noted that our interpretation was guided by prior cases interpreting the identical phrase under other fee-shifting statutes. Id., ¶ 7. In the prior cases, the term "prevailing party" was defined as a party who succeeds on any significant issue in litigation which achieves some of the benefit sought by bringing suit.[2] Under this definition, we concluded that there can be more than one prevailing party in a contested will matter. Id., ¶ 8. In reaching this conclusion, we observed that the estate had provided no legal authority for the limited construction of the statute it sought. Id., ¶ 9. We also disagreed with the "extremely literal and artificial interpretation" of the word "the" that was urged by the estate. Id.
¶ 16 Bloom suggests that we should likewise avoid imposing such an "extremely literal and artificial" interpretation of the term "the estate" in the present case. We decline the invitation because we conclude that a literal interpretation of the phrase "out of the estate" is warranted under the plain meaning rule, see Kalal, 271 Wis.2d 633, ¶ 45, 681 N.W.2d 110, and we do not find such an interpretation to be either extreme or artificial. Moreover, whereas Wheeler, involved interpretation of an ambiguous term which had previously been interpreted in other similar fee-shifting *536 cases, the term at issue in the present case is not ambiguous. Further, to construe "out of the estate" as Bloom argues would in essence require that we read the phrase as meaning "out of either the estate as a whole, or any part thereof." Had the legislature intended that result, it could easily have so provided. Brauneis v. State, 2000 WI 69, ¶ 27, 236 Wis.2d 27, 612 N.W.2d 635 (we will not read into the statute language that the legislature did not put in).
¶ 17 Although we reach this outcome by the plain language of WIS. STAT. § 879.37, we recognize, as did the circuit court, that equity might well lead to the opposite conclusion. It may be that the legislature will choose to address the issue in the future. For now, however, the plain language of § 879.37 dictates the outcome.
¶ 18 For the above reasons, we affirm the circuit court's judgment.
Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2005-06 version unless otherwise noted.
[2] See Footville State Bank v. Harvell, 146 Wis.2d 524, 539-40, 432 N.W.2d 122 (Ct.App. 1988) (interpreting WIS. STAT. § 425.308), and Kitsemble v. DHSS, 143 Wis.2d 863, 867, 422 N.W.2d 896 (Ct.App.1988) (interpreting WIS. STAT. § 814.245(3)).