COURT OF APPEALS
DECISION
DATED AND FILED

April 21, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos.    **2018AP1877**
**2018AP1878**

Cir. Ct. Nos.  **2010CV63**
**2012FJ7**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

NO. **2018AP1877**

MIDCOUNTRY BANK,

PLAINTIFF-APPELLANT,

V.

TODD C. BORK AND CAROLYN M. BORK,

DEFENDANTS-RESPONDENTS.

NO. **2018AP1878**

MIDCOUNTRY BANK,

PLAINTIFF-APPELLANT,

V.

TODD ENTERPRISES, LLC, TODD BORK AND CAROLYN BORK,

DEFENDANTS-RESPONDENTS.

APPEALS from an order of the circuit court for Burnett County: MELISSIA R. MOGEN, Judge. *Reversed and cause remanded for further proceedings*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. MidCountry Bank appeals an order voiding a sheriff's sale of Todd and Carolyn Bork's home and prohibiting MidCountry from executing a judgment on the Borks' real property for as long as it remains their primary residence. MidCountry argues that the circuit court erred by utilizing its equitable powers to prohibit execution of the Bank's judgment against the Borks' residential property under WIS. STAT. ch. 815 (2017-18).[1] For the reasons discussed below, we agree.[2] Accordingly, we reverse the order.

## BACKGROUND

¶2    There has been extensive litigation between these parties in Wisconsin and Minnesota. As recounted by this court in an earlier appeal, the Borks own Todd Enterprises, LLC, which operated a tree farm in Minnesota. *See*

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] We need not address MidCountry's alternative arguments that the equitable relief granted is barred by both issue preclusion and claim preclusion. *See State v. Heyer*, 174 Wis. 2d 164, 170, 496 N.W.2d 779 (Ct. App. 1993) (an appellate court should dispose of an appeal on narrowest possible ground).

*MidCountry Bank v. Bork*, No. 2015AP1142, unpublished slip op. (WI App July 26, 2016). In 2003, the Borks financed the purchase of residential real property in Wisconsin through MidCountry Bank, and they subsequently executed and delivered a promissory note on behalf of Todd Enterprises for approximately $2.4 million to refinance existing loans. *Id.*, ¶3. As part of that refinancing, they also executed and delivered to MidCountry a $636,000 promissory note on their own behalf, securing the note, in part, with a mortgage on their Wisconsin residential property. *Id.*

¶3 The Borks and Todd Enterprises later defaulted on the payments under their respective notes, and in 2010, they commenced a lawsuit in Minnesota against MidCountry and a lending officer. *Id.*, ¶4. That suit alleged four claims, including a claim for breach of fiduciary duty. *Id.* MidCountry counterclaimed with various allegations of breach of contract. Shortly thereafter, MidCountry filed suit in Wisconsin to foreclose on the Borks' Wisconsin property. *Id.*, ¶¶4-5. In the Wisconsin action, the Borks raised several affirmative defenses and asserted a counterclaim for breach of fiduciary duty. *Id.*, ¶5. The parties agreed to pause the Wisconsin foreclosure action pending disposition of the Minnesota action. *Id.*, ¶6.

¶4 A Minnesota jury found that the Borks, along with their business, were in default on their outstanding loans with MidCountry, including the mortgage loan at issue in the Wisconsin foreclosure action. The jury returned a verdict in MidCountry's favor of approximately $4.3 million. The Borks, however, prevailed on their breach of fiduciary duty claim, and the jury found they were entitled to $636,000 in damages against MidCountry—an amount equal to the total amount of the Wisconsin property's mortgage loan. The Minnesota court

ordered this amount as an offset against the $4.3 million judgment awarded to the Bank.

¶5    When the parties returned to the Wisconsin foreclosure action, the circuit court concluded that the breach of fiduciary duty found by the Minnesota jury "relate[d] specifically" to the Wisconsin mortgage. Given the fact that MidCountry breached its fiduciary duty to the Borks with regard to this loan, the court determined it would be inequitable to allow MidCountry to foreclose on the Borks' Wisconsin property. The court rejected MidCountry's assertion that the refusal to enter a foreclosure judgment would produce a double recovery for the Borks, observing that its ruling did not change the amount owed by the Borks to MidCountry. Rather, it removed foreclosure under WIS. STAT. ch. 846 as one of MidCountry's options for recovery of its judgment. The court observed that MidCountry retained "all of the other rights and remedies of a judgment creditor … under Chapter 815 of the [Wisconsin] Statutes."

¶6    MidCountry appealed, and this court affirmed. *Id.*, ¶1. We noted, in relevant part, that MidCountry may attempt to enforce its Minnesota judgment against the Wisconsin property "in accordance with WIS. STAT. § 806.24 (enforcement of foreign judgments) and WIS. STAT. ch. 815 (enforcement of judgments by execution), subject to any other applicable laws or defenses that may be raised by the Borks regarding such enforcement attempts." *Id.*, ¶19.

¶7    MidCountry then initiated an action to enforce its foreign judgment under WIS. STAT. § 806.24, against the Wisconsin property, and it followed the procedure set forth in WIS. STAT. ch. 815 for execution on the judgment. MidCountry ultimately purchased the property at a sheriff's execution sale. The sheriff certified and recorded the sale consistent with WIS. STAT. § 815.38,

4

noting: "The sale will become absolute, and the purchaser will be entitled to a conveyance, at the expiration of 15 months from this date, unless the property is redeemed as provided by law." Nine months after the sale, the Borks moved the circuit court to reopen the foreclosure case and to bar enforcement of the sheriff's execution sale on their property.

¶8     The circuit court issued an order concluding that "the execution of the real property [was] a de facto foreclosure in disguise." The court reopened both the foreclosure and the foreign judgment actions. It further noted that because foreclosure actions are equitable in nature, it had equitable authority to craft a remedy based on the facts and circumstances of each case. Relevant to this appeal, the court voided the sheriff's judgment execution sale and held that MidCountry would have the ability to execute on the subject property once it "is no longer the primary residence of Todd Bork." These appeals follow.

## DISCUSSION

¶9     MidCountry argues that the circuit court erred by voiding the judgment execution sale. Whether to set aside a sale on execution is a decision committed to the discretion of the circuit court. *Sensenbrenner v. Keppler*, 24 Wis. 2d 679, 683-84, 130 N.W.2d 177 (1964). "The exercise of discretion contemplates a process of reasoning based on facts that are of record or that are reasonably derived by inference from the record, and a conclusion based on a logical rationale founded upon proper legal standards." *Ocanas v. State*, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975). We will not disturb the circuit court's discretionary decision "as long as the circuit court examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process,

5

reached a conclusion that a reasonable judge could reach." *Franke v. Franke*, 2004 WI 8, ¶54, 268 Wis. 2d 360, 674 N.W.2d 832.

¶10    Here, MidCountry contends that the circuit court erred as a matter of law when it granted equitable relief that directly conflicts with MidCountry's statutory right to execute on its judgment.  As an initial matter, the Borks argue that MidCountry forfeited this argument by failing to raise it in the circuit court. MidCountry points out, however, that it could not have anticipated that the court would craft an equitable remedy contradictory to the Bank's statutory right.  In any event, forfeiture is a rule of judicial administration, and a reviewing court may therefore disregard a forfeiture and address the merits of an unpreserved issue in an appropriate case.  *State ex rel. Universal Processing Servs. of Wis., LLC v. Circuit Court of Milwaukee Cty.*, 2017 WI 26, ¶53, 374 Wis. 2d 26, 892 N.W.2d 267.  We decline to apply the forfeiture rule here.

¶11    Turning to the merits of MidCountry's argument, this court has held that "[a]lthough equity gives the court power to achieve a fair result in the absence of or in conjunction with a statute, equity does not allow a court to ignore a statutory mandate." *Bloom v. Grawoig*, 2008 WI App 28, ¶11, 308 Wis. 2d 349, 746 N.W.2d 532.  Thus, even when sitting in equity, "a court must nonetheless follow the law." *Id.*

¶12    WISCONSIN STAT. ch. 815 sets forth the procedure a judgment creditor must follow to execute upon a judgment debtor's real property, and the Borks do not dispute that the Bank followed the proper statutory procedure. Because execution on a judgment is a statutory right, not an equitable action, the court lacked equitable authority to prohibit MidCountry from executing its judgment lien upon the Borks' residential property.

6

¶13     Citing ***Associated Bank N.A. v. Collier***, 2014 WI 62, 355 Wis. 2d 343, 852 N.W.2d 443, the Borks nevertheless contend that our supreme court has "suggested that a circuit court could" use equitable powers in a judgment collection context.  We are not persuaded.  That case involved the collection efforts of two judgment creditors who disputed the priority of their respective liens over the judgment debtor's property.  ***Id.***, ¶1.  One creditor, Decade Properties, Inc., claimed that serving an order to appear at supplemental proceedings "perfected a common law creditor's lien on all of the [judgment debtor's] personal property."  ***Id.***, ¶2.  The other creditor, SB1 Waukesha County, LLC, claimed that a judgment must be docketed, making it capable of execution, before there is potential for a common law lien on personal property.  ***Id.***

¶14     Decade urged the circuit court to exercise its equitable power to give it priority over SB1 because the failure in docketing Decade's judgment was due to clerk error.  ***Id.***, ¶37.  The specific question of whether the circuit court actually had equitable power in the context of that judgment collection case was not at issue, and our supreme court held that Decade had a statutory remedy for any damages Decade suffered as a result of the clerk's alleged error.  ***Id.***, ¶58.  The Borks' reliance on ***Associated Bank*** is therefore misplaced.

¶15     The Borks alternatively argue that because the circuit court reopened the foreclosure action and, in effect, consolidated it with the foreign judgment action, the court retained its authority to craft an equitable remedy.  Again, we are not persuaded.  MidCountry's execution on the property was not a foreclosure—it was a distinct action initiated and pursued as a WIS. STAT. ch. 815 execution on MidCountry's foreign judgment.  While the court viewed MidCountry's execution on real estate as a de facto foreclosure in disguise, the court did not have equitable

7

authority to impede the Bank's statutory right under ch. 815. In any event, execution on the judgment was equitable, as the Borks' judgment against MidCountry on the $636,000 jury award for breach of fiduciary duty was offset against MidCountry's Minnesota judgment against the Borks, and thus fully satisfied. Therefore, we reverse the order and remand this matter for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.