STATE, Respondent, v. CHRISTOPHER, Appellant.

*No. State 8. Argued September 8, 1969.—Decided September 30, 1969.*
(Also reported in 170 N. W. 2d 803.)

For the appellant there was a brief by *D'Amato & Nettesheim* of Waukesha, and oral argument by *Richard J. Steinberg* of Milwaukee.

For the respondent the cause was argued by *Theodore J. Hodan,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

ROBERT W. HANSEN, J.   A principal contention of defendant on this appeal is that "no man can resist arrest while under arrest."

It follows, defendant's brief argues that ". . . the action of Officer Kubash in swearing out a warrant for the arrest of defendant while then defendant was in custody of the law, under arrest for allegedly being drunk and disorderly was illegal."

DELAY IN ISSUANCE.

The prosecution sees this challenge as, at least in part, directed to the issuance of the warrant, in this case five days after the offense occurred, and stresses that the ". . . usual Milwaukee county 'charging' procedure was followed." Usual or unusual, we agree that no statutory or constitutional infirmity develops by reason of the time lag between the conduct complained of and the application for a criminal warrant based on such conduct. If there were a valid objection to personal jurisdiction being secured, it would have been waived by the defendant's entering a plea and proceeding to trial without objection.

DISPOSITION OF EARLIER CASE.

However, the written brief bases its challenge to the validity of the arrest on a different contention. To quote the brief: "And it must logically follow, 'as the night the day,' that no man can lawfully be arrested for resist-

ing an officer while under arrest; the law must wait until he 'has had his day in Court' and has either been acquitted or convicted of the charge for which he was originally arrested."

This appears to contend that the state, in the situation here presented, could not commence or at least conclude a prosecution for resisting arrest unless and until the defendant had been convicted of the original charge of being drunk and disorderly. This would make a prosecution for resisting arrest dependent or conditioned upon the successful prosecution of any earlier or accompanying charges that in any way were related to the resisting arrest charge. This is not the law. The statute for violation of which the defendant is here charged reads as follows:

"Sec. 946.41. **Resisting or obstructing officer.** (1) Whoever knowingly resists or obstructs an officer while such officer is doing any act in his official capacity and with lawful authority . . . ."

This statute means what it says. It renders unlawful any knowing resistance or obstruction of a law officer while such officer is doing any act in his official capacity and with lawful authority. Prosecution under this statute is not dependent upon successful prosecution as to any earlier or accompanying charges. In the case before us, the defendant was being transported from the call box to the police station in a patrol wagon. The police officers were acting in their official capacity and with lawful authority. The charge is that the defendant resisted and obstructed the officers in the performance of such official duties. The fact that the defendant had been earlier placed under arrest for being drunk and disorderly by another police officer does not affect the right of the state to prosecute him for a claimed violation of sec. 946.41, Stats. It is not at all clear that this particular objection was brought to the attention of the court before or during the trial. Whether raised or not, there is no

merit to the contention that the outcome of the trial on drunk and disorderly conduct charges was a prerequisite to the state proceeding on the resisting arrest charge, nor to the implied suggestion that dismissal of the drunk and disorderly charge would preclude the state from bringing or proceeding with the charge of resisting or obstructing an officer. Each tub stands on its own bottom.

"WHILE UNDER ARREST."

During oral argument, defendant's counsel related the claim that "no man can resist arrest while he is under arrest," not to the bringing of the complaint or proceeding with the resisting arrest charge but to the defendant having been placed under arrest for being drunk and disorderly. He argues that the offense of resisting cannot be committed by one who is under arrest. He contends that, once a person is placed under arrest, nothing he does can constitute resisting arrest, because arrest has become an accomplished fact.

This is a far too narrow concept both of arrest and the statute involved. A person can resist arrest in this state after the formal act of placing him under arrest has occurred. This court has defined arrest in the following language:

"The central idea of an arrest is the taking or detaining of a person by word or action in custody so as to subject his liberty to the actual control and will of the person making the arrest." [1]

A person who resists either the "taking" or the "detaining" is resisting arrest. If a person, formally placed under arrest, takes a punch at the wagon driver on his way into the patrol wagon, he is resisting arrest. If he takes the swing at the officer on the way out of the wagon at the police station, he is resisting arrest. The difference

[1] *Huebner v. State* (1967), 33 Wis. 2d 505, 516, 147 N. W. 2d 646.

between entering and exiting does not change his status, nor the nature of the offense involved.

Actually, the charge against the defendant is not that of resisting arrest; to refer again to the statute quoted above, he is charged with resisting or obstructing an officer while that officer is performing an official duty. A person formally placed under arrest gains thereby no right or privilege to resist or obstruct an officer while that officer is acting in an official capacity. If, as the trial court found, the defendant struck the patrol wagon driver, not in self-defense, that constituted both resisting and obstructing. The fact that the defendant at the time had earlier been placed under arrest on a different charge by a different police officer is relevant only in that it establishes that the wagon driver was acting in an official capacity when he transported the defendant to the station. If the result is that a person under arrest can be held to have resisted arrest or obstructed a law officer in the performance of his official duties, that result is no more than an application of the clear words and meaning of the resisting and obstructing statute.

SUFFICIENCY OF EVIDENCE.

The defendant contends that the evidence is not sufficient to justify his conviction on the charge of resisting or obstructing an officer.

As is far from unusual in this type of case, there is a sharp disagreement as to what occurred when the defendant left the patrol wagon at the police station. There is no dispute that earlier he had been placed under arrest on the charge of being drunk and disorderly. It is also undisputed that the arresting officer then called for the wagon to take defendant to the station, and that the defendant went peaceably into the wagon and was conveyed to the police station.

At this point in time, there is disagreement in the record as to what happened. The driver of the wagon testi-

fied that he went around to the rear of the wagon, opened the door and put out his arm to help the defendant down the steps. The driver testified that the defendant then took a swing at the driver, hitting him on the shoulder. Another officer testified that at this moment he arrived at the rear of the wagon and observed the defendant's hitting the officer. He testified that he then grabbed the defendant, and the officer subdued him. The defendant testified that he did not swing at the officer, that the officer swung at him and that the officer had grabbed him and pulled him off the steps of the wagon.

On review, it is not the function of the appellate court to decide which witnesses are to be believed. That is the exact function of the trier of fact, be such trier of fact the judge or a jury. Where credibility of witnesses is at issue, the trier of fact has an opportunity to observe the witnesses, their manner of testifying and their demeanor on the witness stand. These are the nuances that do not appear in a printed record.

The test on review is that this court must be satisfied that the trier of fact, on credible evidence submitted, could find the defendant guilty beyond a reasonable doubt. If so, the conviction must be affirmed. This court has stated that a conviction stands ". . . if the evidence, believed and rationally considered by the finder of fact, was sufficient to prove the defendant's guilt beyond a reasonable doubt." [2]

Here the only evidence as to what happened at the police station was that of the three persons who were present, the defendant and the two police officers. Obviously, the trial court believed the officers and did not believe the defendant. Defendant's brief suggests that this court ought to find the testimony of the officers ". . . self-serving, contradictory and unbelievable . . ." To do this clearly would be to invade the province of the

[2] *State v. Wilson* (1968), 41 Wis. 2d 29, 33, 162 N. W. 2d 605.

finder of fact. The question as to whose testimony was to be believed was for the trial court to decide, and, on the record here, the evidence presented was sufficient to enable the trial court to find the defendant guilty beyond a reasonable doubt.

MOTION FOR NEW TRIAL.

In January of 1969, the defendant made a motion for a new trial, relying mainly on the affidavits of two men who stated that they were with the defendant on the night of his arrest, that they personally knew that the defendant did not have a drink that evening and that they knew of the defendant's involvement in an accident some time prior to the incident here involved and that, due to such accident, the defendant often appeared to be intoxicated when he was not.

The appeal in this case is from the judgment of the trial court, the notice of appeal stating:

". . . that said appeal is taken to the whole judgment rendered against said defendant upon questions of law arising during the trial decided adversely to the defendant, and other errors allegedly committed by the Court during said trial."

Such appeal from the judgment does not bring before this court for review any order entered subsequent to the judgment.[3] This is true in criminal cases as in civil cases.[4] Thus, the defendant cannot challenge the denial of the postjudgment motion on this appeal as a matter of right.

However, on this record, there is no reason for leaving the denial of the motion for a new trial as a stone unturned. In denying the motion, the trial judge gave

[3] *See Zeisler Corp. v. Page* (1964), 24 Wis. 2d 190, 128 N. W. 2d 414.

[4] Sec. 958.13, Stats., provides: "In lieu of prosecuting a writ of error, either party may appeal to the supreme court in the manner provided in civil cases."

his reasons for so doing. He commented on the proffered testimony of the two new witnesses as follows:

"This evidence must have been known to the defendant *at the time of the trial* . . . both . . . were with the defendant at the time of his arrest and for some time prior thereto . . . evidence proposed . . . pertains to matters fully brought out and duly considered at the trial . . . the evidence of these two proposed witnesses . . . would be merely cumulative . . . given most favorable consideration, it is my opinion that it would not offset the direct and positive evidence adduced by the plaintiff. The reasonable probability that a different result would be reached on a new trial is extremely remote." (Emphasis supplied.)

The trial judge was applying the rules governing the granting of a new trial on the ground of newly discovered evidence in a criminal case as spelled out by this court in a recent case.[5] The motion was addressed to his sound discretion, and there is no basis on which abuse of discretion could be found. In the absence of a clear abuse of discretion,[6] decisions of the trial court on motions for a new trial based on newly discovered evidence are not disturbed.

*By the Court.*—Judgment affirmed.

[5] *Lock v. State* (1966), 31 Wis. 2d 110, 116, 117, 142 N. W. 2d 183.

[6] *State v. John* (1959), 11 Wis. 2d 1, 103 N. W. 2d 304.