STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. RONALD WASHINGTON, JACK COGMAN, BELTON WILLIAMS AND WILLIAM TURNER, DEFENDANTS-RESPONDENTS.

Argued September 15, 1970—Decided October 29, 1970.

*Mr. M. Richard Altman,* Assistant Prosecutor, argued the cause for appellant (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

*Mr. Thomas P. Kelly,* Designated Counsel, argued the cause for respondents (*Mrs. Hazel R. Rollins* on the brief; *Mr. Stanley C. Van Ness,* Public Defender, attorney).

PER CURIAM. Defendants Washington, Cogman, Williams and Turner were indicted for allegedly violating *N. J. S. A.*

2A:90–4 in that they committed an assault and battery upon certain police officers, of the City of East Orange, who were in uniform and engaged in the performance of their duties at the time. At the outset of the jury trial, when defendants indicated an intention to rely in part upon self-defense, the judge made plain his view that such a defense was not applicable. Moreover, after all of the evidence had been presented, he refused to submit the issue of self-defense to the jury for consideration as a possible basis for acquittal. The jury found defendants guilty as charged and they were sentenced to imprisonment in the county penitentiary. On appeal, the Appellate Division in an unreported opinion held that, on the facts, the issue of self-defense was properly in the case and with appropriate instructions should have been submitted to the jury for determination. It, therefore, reversed the convictions and ordered a new trial. This Court granted the petition of the State for certification. *State v. Washingon*, 55 *N. J.* 310 (1970).

The trial court here, as in *State v. Mulvihill*, 57 *N. J.* 151 (1970) also decided today, felt that the claim of self-defense was barred under the rule laid down in *State v. Koonce*, 89 *N. J. Super.* 169 (App. Div. 1965). In *Koonce*, the Appellate Division declared it to be the law of this State that when a police officer undertakes to arrest a person who knows or reasonably should know that the officer is acting in the course of his duty, such person must submit peaceably whether the arrest is legal or illegal. He may not use force in either case to resist the arrest. 89 *N. J. Super.* at 184. However, as we said in *Mulvihill*, the duty of the citizen to submit quietly is not controlling whenever the officer undertakes to use unnecessary or excessive force in effectuating the arrest. In such case, the arrestee is justified in employing reasonable force to protect himself and if in so doing the officer is injured no criminal offense has been committed. *State v. Mulvihill, supra*, (57 *N. J.* p. 151). In this context it is not necessary that the officer's unnecessary or excessive force be or appear to be lethal in nature. It is sufficient to

justify reasonable defensive measures by the arrestee if it qualifies as unnecessary or excessive force under the existing circumstances. We do not take the quotation from the American Law Institute's comment on section 3.04 of the Model Penal Code, appearing in *Koonce*, 89 *N. J. Super.* at 182, as a holding that the right of self-defense exists only if the officer's force is or appears to be lethal.

We noted also in *Mulvihill* that when the citizen is faced with unnecessary or excessive force, he in turn can use no greater force in protecting himself than reasonably appears to be necessary. If he employs such greater force, then he becomes the aggressor and forfeits the right to claim self-defense to a charge of assault and battery on the officer.

In this case, the Appellate Division reviewed the sharply conflicting facts presented by the State and the defense as to the circumstances attending the melee which occurred on July 8, 1967 in a bedroom of the second floor apartment at 91 North 14th Street, East Orange. After doing so, it found that, although strongly disputed by the State, the testimony which was offered to show that the officers used unnecessary and excessive force in effectuating the arrests and that defendants' counter-physical measures were protective and not aggressive was sufficient to require submission of the issue of self-defense to the jury for determination. We accept that finding and the consequent conclusion that the trial court erred in excluding self-defense from the case. *Cf. People v. Cannedy*, 270 *Cal. App.* 2d 669, 76 *Cal. Rptr.* 24, 28 (Ct. App. 1969); *State v. Christopher*, 44 *Wis.* 2d 120, 170 *N. W.* 2d 803 (1969).

It should not go unnoticed that the record presents another factual aspect of the case. The officers claim that, while they were pursuing a person or persons into the house for purposes of arrest, they were attacked by the defendants without justification. If the jury believes the officers' version of the affair, the defendants would be guilty of the offense charged against them, and accordingly the jury would not reach the

question whether thereafter the officers used excessive force in placing those defendants under arrest.

Accordingly the judgment of the Appellate Division is affirmed and the matter is remanded for retrial in accordance with the principles set forth herein and in *State v. Mulvihill, supra.*

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For reversal*—None.