JOHNSON BANK, Plaintiff-Respondent,

v.

BRANDON APPAREL GROUP, INC., Eric P. Lefkofsky, and
Bradley A. Keywell, Defendants-Appellants.

Court of Appeals

*No. 00–2839. Submitted on briefs April 19, 2001.—Decided
June 14, 2001.*

2001 WI App 159

(Also reported in 632 N.W.2d 107.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *John A. Sopuch, III* of

*Sopuch Nouhan Higgins & Arnett LLP*, Chicago, Illinois, and *Howard B. Eisenberg*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Albert Solochek* and *Bryan M. Becker* of *Howard, Solochek & Weber, S.C.*, Milwaukee.

A nonparty brief was filed by *Michael L. Shakman, Diane F. Klotnia, Thomas M. Staunton* of *Miller Shakman & Hamilton*, Chicago, Illinois, and *Michael J. Cohen* and *Christopher Rexroat* of *Meissner Tierney Fisher & Nichols, S.C.*, Milwaukee.

Before Dykman, P.J., Vergeront and Deininger, JJ.

¶ 1. DYKMAN, P.J. Brandon Apparel Group, Inc., Eric Lefkofsky, and Bradley Keywell (hereinafter "Brandon Apparel") appeal from a judgment granting Johnson Bank's motion for default judgment. Brandon Apparel contends that the trial court erroneously exercised its discretion by entering the judgment and concluding there was no oral extension agreement between the parties. The agreement would have allowed Brandon Apparel to delay its filing of a responsive pleading. We conclude that an evidentiary hearing is required to determine whether or not an oral agreement existed, before a default judgment may be granted. We therefore reverse and remand for further proceedings consistent with this decision.

## I. Background

¶ 2. According to Johnson Bank's complaint, Brandon Apparel Group, Inc., Eric Lefkofsky, and Bradley Keywell owed Johnson Bank about eleven million dollars on a term loan and a revolving credit loan.

Keywell and Lefkofsky were officers of Brandon Apparel and personally guaranteed the loans. On March 8, 2000, Johnson Bank sued Lefkofsky, Keywell, Brandon Apparel Group, Inc., and seven other defendants[1] for defaulting on the loan.

¶ 3. On May 11, 2000, after the statutory time limit for Brandon Apparel to respond to Johnson Bank's complaint had expired, Johnson Bank moved for default judgment. On May 18, Brandon Apparel filed several motions, including a motion to enlarge its time to answer, and a motion for leave to file its answer. On that same date, Brandon Apparel filed its answer.

¶ 4. On May 30, 2000, the court heard Johnson Bank's motion for default judgment and Brandon Apparel's motion for leave to file an answer. Prior to the hearing, the parties submitted affidavits in support of their respective positions. In his affidavit, Johnson Bank's counsel denied that he had agreed to an extension of time for Brandon Apparel to file a responsive pleading beyond April 14, 2000. Brandon Apparel's counsel claimed the parties were conducting settlement negotiations, part of which involved assessing the value of the collateral to determine whether any deficiency remained. Brandon Apparel's counsel also stated that Johnson Bank's counsel had explicitly agreed that no responsive pleading need be filed until the value of the collateral could be determined, and that Johnson Bank would provide Brandon Apparel with "reasonable notice" if it decided otherwise.

¶ 5. The court granted the motion for default judgment. The court did not determine the relative credibility of the contradictory affidavits because it

[1] The trial court granted the other seven defendants' motion to dismiss them from the suit for lack of personal jurisdiction.

determined that the "defendants did not act in a reasonable or prudent manner under the circumstances of this case as a matter of law." Brandon Apparel appeals from the default judgment.

¶ 6. Brandon Apparel also moved for a stay of execution pending appeal. The court denied the motion, making an additional finding that there had been no oral agreement between the parties to defer Brandon Apparel's responsive pleading.

## II. Analysis

¶ 7. Brandon Apparel argues that: (1) the trial court erred in concluding that reliance on an oral agreement could not constitute excusable neglect, (2) the court misstated Brandon Apparel's position as to why it failed to file its responsive pleading, (3) the court erroneously entered new factual findings more than twenty days after the entry of judgment, and (4) the court erroneously imputed the negligence of Brandon Apparel's counsel to Brandon Apparel. Johnson Bank asserts that the trial court did not have to find whether an oral agreement existed, since the court believed Brandon Apparel's negligence in not obtaining a written agreement to be inexcusable. We agree with Brandon Apparel's first argument. We remand for the trial court to consider Brandon Apparel's fourth argument, if necessary. We need not address Brandon Apparel's other two arguments.

¶ 8. The trial court's determination in granting a default judgment is reviewed under the erroneous exercise of discretion standard. *Oostburg State Bank v. United Sav. & Loan Ass'n,* 125 Wis. 2d 224, 238, 372 N.W.2d 471 (Ct. App. 1985), *aff'd,* 130 Wis. 2d 4, 386 N.W.2d 53 (1986). Our review is limited to whether the

trial court examined the relevant facts, applied a proper legal standard, and reached a reasonable conclusion. *Doersching v. Funeral Dirs. & Embalmers Examining Bd.*, 138 Wis. 2d 312, 328, 405 N.W.2d 781 (Ct. App. 1987). If the record indicates that the trial court failed to exercise its discretion, if the facts of record fail to support the trial court's decision, or if our review of the record indicates that the trial court applied the wrong legal standard, we will reverse the trial court's decision as an erroneous exercise of discretion. *See Meier v. Champ's Sport Bar & Grill, Inc.*, 2001 WI 20, ¶ 42, 241 Wis. 2d 605, 623 N.W.2d 94.

¶ 9. The exercise of discretion is not the equivalent of unfettered decisionmaking. *Hartung v. Hartung*, 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981). A discretionary determination, to be sustained, must demonstrably be made and based upon the facts appearing in the record and in reliance on the appropriate and applicable law. *Id.* A misapplication or an erroneous view of the law is an erroneous exercise of discretion. *State v. Hutnik*, 39 Wis. 2d 754, 763, 159 N.W.2d 733 (1968).

¶ 10. WISCONSIN STAT. § 801.15(2)(a) (1997–98)[2] provides that a trial court may extend the time in which an act is required to be done if the court finds

---

[2] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted. WISCONSIN STAT. § 801.15(2)(a) states:

When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms. The 90 day period under s. 801.02 may not be enlarged. If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect. The

that the failure to act in a timely manner was the result of excusable neglect. Excusable neglect is defined as "that neglect which might have been the act of a reasonably prudent person under the same circumstances." *Giese v. Giese*, 43 Wis. 2d 456, 461, 168 N.W.2d 832 (1969). In the context of an untimely answer, reasonable grounds for noncompliance with a statutory time requirement constitutes excusable neglect. *Connor v. Connor*, 2001 WI 49, ¶ 16, 243 Wis. 2d 279, 627 N.W.2d 182.

¶ 11. In the trial court, the parties disputed whether there was an oral agreement to extend the time to file a responsive pleading. Brandon Apparel offered to call witnesses to prove its claim that an oral agreement existed, but the trial court declined to hear the testimony. The trial court concluded that, even if there was an oral agreement, reliance on it was not excusable neglect because the parties had made written agreements in past instances. In granting the default judgment, the trial court reasoned as follows:

> Both parties offer conflicting positions concerning an oral agreement concerning pleadings and whether settlement negotiations were ongoing. This court does not need to determine which party is truthful and credible in either instance because [Brandon Apparel] did not act in a reasonable or prudent manner under the circumstances of this case as a matter of law.

Later, however, the court supplemented its findings with the following statement:

> I previously indicated I didn't think I needed to find whether there was an oral agreement or not, but to

---

order of enlargement shall recite by its terms or by reference to an affidavit in the record the grounds for granting the motion.

supplement the record I'm going to find there was no oral agreement. And the basis for that finding is that if there is one I think that [Johnson Bank's counsel] would have followed his policy as it was indicated by the previous—in this case previous written memor—excuse me—written confirmation of previous extensions that he would have put that in writing.

¶ 12. We cannot uphold this conclusion as a proper exercise of discretion. In *Rutan v. Miller*, 213 Wis. 2d 94, 98, 570 N.W.2d 54 (Ct. App. 1997), an initial courtesy agreement between the parties to extend the filing of a responsive pleading was confirmed in writing. However, a subsequent courtesy agreement regarding the filing deadline was not. *Id.* at 98–99. We reversed the trial court, concluding that it erred in finding no excusable neglect. *Id.* at 102.

¶ 13. *Rutan* involved an undisputed courtesy agreement, *see id.*, but the supreme court has recently addressed disputed oral courtesy agreements in *Connor*. In *Connor*, 2001 WI 49 at ¶¶ 19–20, the defendant against whom the trial court entered default judgment asserted that there was an oral understanding for an extension of time. The trial court determined that the defendant's failure to timely answer was not excusable neglect. *Id.* at ¶ 19. The supreme court upheld the trial court's determination and explained as follows:

> [The trial court] did not conclude that the agreement was unenforceable because it was not in writing. In fact, the only mention the court made about the agreement not being in writing was that most attorneys confirm such extensions in writing. It did not state that the agreement had to be in writing. Indeed, courtesy agreements that are not reduced to writing may be enforceable in certain

instances. Here, however, the parties disputed the existence of the agreement; therefore, the court was forced to make a determination as to whether the agreement even existed.

*Id.* at ¶ 21 (citation omitted).

¶ 14. Thus, in *Connor* as here, there was an ultimate finding that no oral agreement existed. However, in *Connor*, the supreme court presumed the availability of an evidentiary hearing on this question if a party requested one. The court stated: "Indeed, the defendant could have provided additional evidence to the court on this and other factors; however she decided to rest her case on [her attorney's] affidavit . . . ." *Id.* at ¶ 22. Unlike the defendant in *Connor*, Brandon Apparel did not choose to rest its case on affidavits alone. It specifically noted that it was prepared to put witnesses on the stand, but the trial court determined that was unnecessary.

¶ 15. Where an issue is largely a matter of credibility because the evidence is irreconcilably in conflict, courtroom testimony is preferable. *See Honeycrest Farms, Inc. v. A.O. Smith Corp.*, 169 Wis. 2d 596, 604, 486 N.W.2d 539 (Ct. App. 1992). An important function of trial courts is to determine which witnesses to believe. *See State v. Christopher*, 44 Wis. 2d 120, 127, 170 N.W.2d 803 (1969). Where credibility of witnesses is at issue, the trier of fact has an opportunity to observe the witnesses, their manner of testifying, and their demeanor on the witness stand. *Id.* These are nuances that do not appear in a printed record. *Id.*

¶ 16. Here, the parties submitted affidavits with conflicting statements as to whether an oral agreement existed. While the trial court may have considered the

parties' affidavits, some matters are "too grave to be decided on affidavits." *Kelly v. Clark*, 192 Wis. 2d 633, 654, 531 N.W.2d 455 (Ct. App. 1995). Unless the facts are undisputed or the right to a hearing is waived, a party or attorney is entitled to more than a trial by affidavit. *Id.* at 655. We conclude that the trial court erroneously exercised its discretion by entering default judgment without hearing testimony on the question of whether an oral agreement existed, and if so, what the agreement provided. We remand to permit the trial court to do so.

¶ 17. Upon remand, and if necessary, the trial court should also consider whether to impute the negligence of Brandon Apparel's counsel to Brandon Apparel. *See Connor*, 2001 WI 49 at ¶ 36.

*By the Court.*—Judgment reversed and cause remanded with directions.