Jorge Rivera, Plaintiff,†

Ohio Bureau of Workers' Compensation,
Involuntary-Plaintiff,

v.

Doreen R. Perez, Cool Express of Wisconsin, Inc.
and Canal Insurance Company,
Defendants-Appellants,

William Haushalter, Sentry Insurance and
Meadowbrook Meat Company, Inc.,
Defendants-Respondents,

Ryder Truck Rental, Inc.,
Intervenor-Respondent,

John Veriha Trucking, Intervenor.

Mark Bender, Plaintiff,

v.

Jorge Rivera, Meadowbrook Meat Company, Inc.,
Doreen R. Perez, Cool Express of Wisconsin, Inc.,
William Haushalter, Canal Insurance Company
and Sentry Insurance, Defendants.

Court of Appeals

No. 2009AP838. Submitted on briefs December 14, 2009.
—Decided June 17, 2010.

† Petition for Review denied 9-21-10.

**2010 WI App 91**

(Also reported in 787 N.W.2d 882.)

469

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Sheila M. Sullivan, Timothy J. Yanacheck* and *Sarah Germonprez* of *Bell, Gierhart & Moore, S.C.*, Madison.

On behalf of the defendants-respondents, Meadowbrook Meat Company, Inc., and intervenor-respondent, Ryder Truck Rental, Inc., the cause was submitted on the brief of *Larry J. Britton* and *William J. Richards* of *Britton & Associates*, Milwaukee.

On behalf of the defendants-respondents, William Haushalter and Sentry Insurance, the cause was submitted on the brief of *Saul C. Glazer* of *Axley Brynelson, LLP*, Madison.

Before Dykman, P.J., Vergeront and Higginbotham, JJ.

¶ 1. DYKMAN, P.J. Doreen Perez appeals from judgments entered against her in this consolidated negligence action arising out of a multiple-vehicle collision. Perez argues that the trial court erroneously exercised its discretion in denying Perez's request to withdraw her admissions as to her liability for damages arising from the accident. We agree that the trial court erroneously exercised its discretion, and therefore reverse and remand for the trial court to allow Perez to withdraw her admissions.

*Background*

¶ 2. The following undisputed facts are taken from the summary judgment submissions. In March 2006, a motor vehicle accident occurred on U.S. Highway 18–151 near Country Trunk Highway BB in Iowa County involving, among others, Doreen Perez, William Haushalter, and Jorge Rivera. As a result of the accident, Rivera sued Perez and Haushalter for negligence; Haushalter denied liability and counterclaimed against Rivera; and Haushalter and Perez cross-claimed against one another.[1] Later, Ryder Truck Rental and Meadowbrook Meat Company intervened in this action,

---

[1] Each lawsuit also involved other parties, and named various parties' employers and insurance carriers. For ease of reading, we name parties to this action only as necessary to our discussion of the issues relevant to this appeal.

suing Perez and Haushalter for negligence based on damage to their semi-truck and trailer, respectively, driven by Rivera at the time of the accident.

¶ 3. On July 29, 2008, Haushalter served Perez with four requests for admissions, including a request that Perez "[a]dmit that the negligence of Doreen Perez in the operation of her motor vehicle on March 8, 2006, was a cause of the damage to [Haushalter's] leased 2006 Lincoln Town Car at issue." On August 5, 2008, Rivera sent Perez eight requests for admissions, including requests that Perez "[a]dmit that the negligence of Doreen Perez in the operation of her motor vehicle on March 8, 2006 was the sole cause of the damage to Haushalter"; "[a]dmit that Doreen Perez was negligent in the operation of her motor vehicle on March 8, 2006"; "[a]dmit that Jorge Rivera was confronted by an emergency not of his own making at the time of the collision involving William Haushalter"; and "[a]dmit that Jorge Rivera was not negligent in the operation of his motor vehicle at or about the time of the motor vehicle accident which occurred March 8, 2006."

¶ 4. Rivera, Haushalter, and Ryder and Meadowbrook all moved for summary judgment based on Perez's failure to answer Rivera and Haushalter's requests for admissions within the time required by WIS. STAT. § 804.11(1) (2007–08).[2] Perez opposed the motions

---

[2] WISCONSIN STAT. § 804.11(1) provides, in pertinent part:

(a) ... [A] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of s. 804.01(2) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request ....

(b) Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days

for summary judgment, moved the court to allow her to withdraw her admissions, and answered the admissions, denying liability. The trial court held a hearing on the parties' motions, and denied Perez's motion to withdraw and granted the motions for summary judgment. In a written order, the trial court found that the requirements for withdrawing admissions under § 804.11(2)[3] were not met, and that even if they were, the court would exercise its discretion to deny Perez's motion to withdraw her admissions pursuant to *Mucek v. Nationwide Communications, Inc.*, 2002 WI App 60, 252 Wis. 2d 426, 643 N.W.2d 98. The trial court also denied Perez's motion to withdraw her admission under its general authority to maintain the orderly and prompt processing of its cases. *See* Wis. Stat. § 805.03 ("For failure of . . . any party to comply with the stat-

---

after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon the defendant. If objection is made, the reasons therefor shall be stated.

All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

[3] Wisconsin Stat. § 804.11(2) provides:

Any matter admitted under this section is conclusively established unless the court on motion permits withdrawal or amendment of the admission. The court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits. Any admission made by a party under this section is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

utes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just . . . ."). Perez appeals.

## Discussion

¶ 5. Perez argues that the trial court erroneously exercised its discretion by denying Perez's request to withdraw her admissions under WIS. STAT. § 804.11(2). *See Schmid v. Olsen*, 111 Wis. 2d 228, 237, 330 N.W.2d 547 (1983) ("The decision to allow relief from the effect of an admission . . . requires that the trial court exercise its discretion."). Specifically, she contends that the trial court failed to apply the proper legal standards under § 804.11(2). *See Johnson Bank v. Brandon Apparel Group, Inc.*, 2001 WI App 159, ¶ 8, 246 Wis. 2d 828, 632 N.W.2d 107 ("[I]f our review of the record indicates that the trial court applied the wrong legal standard, we will reverse the trial court's decision as an erroneous exercise of discretion."). She also contends that the record does not support the trial court's use of summary judgment as a sanction under WIS. STAT. § 805.03.

¶ 6. Haushalter responds,[4] first, that the requirements for allowing a party to withdraw admissions under WIS. STAT. § 804.11(2) do not apply where, as

___

[4] Ryder and Meadowbrook filed their own response brief, generally making the same arguments as Haushalter. Although we frame the responsive arguments as asserted by Haushalter, we include the parallel assertions by Ryder and Meadowbrook.

Additionally, Ryder and Meadowbrook respond to Perez's alternative argument that the trial court erred in granting summary judgment to Ryder and Meadowbrook even if it properly denied Perez's motion to withdraw her admissions. Because we conclude that the trial court erroneously exercised its discretion by denying Perez's request to withdraw her admissions, we do not reach this issue.

here, a trial court denies a motion to withdraw admissions. Next, Haushalter contends that even if the standards under § 804.11(2) do apply, the trial court properly exercised its discretion in finding that the requirements to withdraw admissions were not met on the facts of this case. Finally, Haushalter asserts that the trial court properly exercised its authority under WIS. STAT. § 805.03 to grant summary judgment against Perez as a sanction for discovery violations.

¶ 7.  We conclude that the record establishes that the trial court erroneously exercised its discretion by denying Perez's motion to withdraw her admissions or granting summary judgment against Perez as a sanction. We therefore reverse and remand with instructions to allow Perez to withdraw her admissions.

■

¶ 8.  We first address Haushalter's argument that the trial court was not required to apply the requirements under WIS. STAT. § 804.11(2) in determining whether to allow Perez to withdraw her admissions. Haushalter argues that we held in *Mucek* that § 804.11(2) does not apply to a trial court's *denial* of a party's motion to withdraw admissions.[5] We do not agree with Haushalter's reading of *Mucek*.

---

[5] Perez cites federal case law interpreting Fed. R. Civ. P. 36(b) to support her contention that trial courts must apply the standards under WIS. STAT. § 804.11(2) in denying a party's motion to withdraw admissions. Although we agree that those cases are persuasive because the federal rule parallels § 804.11(2), *see Luckett v. Bodner*, 2009 WI 68, ¶¶ 28–29, 318 Wis. 2d 423, 769 N.W.2d 504, we conclude that Wisconsin case law controls and we therefore need not turn to federal case law, *see, e.g., Wilson v. Continental Ins. Cos.*, 87 Wis. 2d 310, 316, 274 N.W.2d 679 (1979) ("[F]ederal decisions construing the procedural counterparts to the Wisconsin Rules of Civil Procedure are persuasive, but are not controlling.").

¶ 9. In *Mucek*, we held that a trial court is not required to allow a party to withdraw admissions even if both elements of WIS. STAT. § 804.11(2) are met. *See Mucek*, 252 Wis. 2d 426, ¶ 34 ("[W]e conclude that a court 'may' permit withdrawal if both statutory conditions are met, but it is not required to do so."); *but see id.*, ¶ 73 (Dykman, J., dissenting) ("Although I agree that the language of the statute is permissive and thus contemplates discretion, I find it difficult to contemplate instances where it would be a proper exercise of discretion to deny a motion to withdraw an admission" when both statutory conditions are met). Nonetheless, in *Mucek*, we began our review of the trial court's decision denying a request to withdraw admissions by analyzing whether the statutory requirements were met, thus recognizing that the statute applies whenever a party requests to withdraw admissions, whether the trial court ultimately grants or denies the request.[6] *Id.*, ¶¶ 24–33. We follow the same analysis here.

■

¶ 10. We turn, then, to the requirements for withdrawing admissions under WIS. STAT. § 804.11(2). Under § 804.11(2), "[t]he court may permit withdrawal or

---

[6] In *Mucek v. Nationwide Communications, Inc.*, 2002 WI App 60, ¶¶ 29–33, 252 Wis. 2d 426, 643 N.W.2d 98, we first concluded that Mucek had shown that she would be prejudiced if the admissions were withdrawn, supporting the trial court's decision to deny the request to withdraw those admissions. We then said that even if the statutory requirements had been met, we would have concluded that the trial court properly exercised its discretion to deny the motion to withdraw admissions based on the requesting party's egregious conduct and lack of any reasonable excuse for failing to respond to the request for admissions. *Id.*, ¶¶ 34–36. However, we did not say that a trial court need not initially consider WIS. STAT. § 804.11(2) before denying a motion to withdraw admissions.

amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits." It is within the trial court's discretion to determine whether both conditions have been met, *see Luckett v. Bodner*, 2009 WI 68, ¶¶ 41, 48, 318 Wis. 2d 423, 769 N.W.2d 504, and if so, it is within the trial court's discretion to allow a party to withdraw admissions, *see Mucek*, 252 Wis. 2d 426, ¶ 26.

¶ 11.   Perez argues that the trial court applied the wrong legal standard to the first requirement under Wis. Stat. § 804.11(2) by relying on the quality of the evidence contrary to the admissions rather than on the centrality of the admissions to the issues in the case.[7] Perez argues that the focus of the first requirement under § 804.11(2) is the centrality of the admission to the claim, *see Schmid*, 111 Wis. 2d at 238, and that the supreme court recently stated that the quality of evidence in the record regarding the admissions is irrelevant to whether withdrawal will subserve the presentation of the merits, *see Luckett*, 318 Wis. 2d 423, ¶ 40. Thus, Perez asserts, the trial court erroneously exercised its discretion in determining that the first requirement of § 804.11(2) was not met.[8] Haushalter responds

[7] The trial court found that the first requirement of Wis. Stat. § 804.11(2) was not met because "the information properly before [the court] regarding the accident indicates that the admissions are well founded and conform [to] the facts."

[8] Perez also argues that under *Schmid v. Olsen*, 111 Wis. 2d 228, 330 N.W.2d 547 (1983), the only reasonable determination when the admission is a key issue in the case is that the first element of Wis. Stat. § 804.11(2) is satisfied. We need not determine whether the holding in *Schmid* is as broad as Perez

that Perez did not meet her burden of showing that withdrawal would subserve the presentation of the

argues. Rather, as we explain, we determine that on the facts of this case, the only reasonable view is that the first element of § 804.11(2) is satisfied.

Additionally, Perez argues that the trial court erroneously exercised its discretion by relying on *Bank of Two Rivers v. Zimmer*, 112 Wis. 2d 624, 334 N.W.2d 230 (1983), in its oral decision that the presentation of the merits would not be subserved by allowing withdrawal. Perez argues that *Zimmer* held only that summary judgment may be granted on the basis of a party's failure to respond to admissions, a point not contested here. *See id.* at 630. Haushalter does not respond to this argument. We note, however, that *Zimmer* did address a motion to withdraw admissions under Wis. Stat. § 804.11(2). *See Zimmer*, 112 Wis. 2d at 628. There, the Bank of Two Rivers brought a quiet title action concerning land the Zimmers used as a driveway. *Id.* at 625. The Bank requested an admission that the Zimmers had no interest in the land, and the Zimmers failed to respond. *Id.* at 625–26. The Bank moved for summary judgment based on the Zimmers' failure to respond to its request. *Id.* at 626–27. The Zimmers did not submit an affidavit to oppose the summary judgment motion, and the court granted summary judgment to the Bank. *Id.* at 627–28. Several months later, the Zimmers moved to vacate the judgment and withdraw their admissions, and the trial court denied the motion. *Id.* at 628–29. The supreme court said that "[s]ince the Zimmers' failure to respond to the requests for admission and their failure to oppose the movants' affidavits result, in effect, in an abandonment of any claim in the land, summary judgment was appropriate." *Id.* at 633. Here, Perez responded to the motions for summary judgment by moving to withdraw her admissions and answering the requests, denying liability. Thus, *Zimmer* is distinguishable from this case, where key issues were in dispute when the motions for summary judgment were pending. Regardless, we need not consider the extent to which the trial court relied on *Zimmer* in determining that the first requirement of § 804.11(2) was not met because, as we explain, we conclude that no view of the record supports that decision.

merits because she did not submit any admissible evidence to support her request. Thus, Haushalter argues, there was no basis for the trial court to determine that withdrawing the admissions would subserve the presentation of the merits, and the court therefore properly exercised its discretion to find that the first element of § 804.11(2) was not met.

¶ 12. We begin with the supreme court's recent analysis of the requirements for withdrawing admissions in *Luckett*, 318 Wis. 2d 423. Luckett suffered a cardiac arrest and permanent severe brain damage following a tubal ligation. *Id.*, ¶ 9. In the ensuing medical malpractice action, Aurora Sinai Medical Center and the Medical Protective Company requested that the plaintiffs admit that Luckett was in a permanent, persistent vegetative state and had been since shortly after she suffered the brain damage. *Id.*, ¶¶ 10–11. The plaintiffs agreed to the admissions. *Id.*, ¶ 13. The plaintiffs subsequently moved to withdraw their admissions, based on "documents suggesting that Ms. Luckett may not have been in a persistent vegetative state." *Id.*, ¶ 16. The court granted the plaintiffs' motion. *Id.*, ¶ 20.

¶ 13. The supreme court explained, first, that it would independently interpret Wis. Stat. § 804.11(2), but would review the court's decision to allow the plaintiffs to withdraw their admissions for an erroneous exercise of discretion. *Id.*, ¶¶ 25–26. The supreme court also explained that, even if the trial court did not explicitly apply § 804.11(2) properly to the facts of the case, the supreme court would uphold the trial court if the record supported its decision. *Id.*, ¶¶ 35–37.

¶ 14. The court then said that "[t]he first requirement of Wis. Stat. § 804.11(2) emphasizes the importance of having the action resolved on the merits." *Id.*, ¶ 38. The court rejected the argument "that with-

479

drawal of an admission cannot subserve the presenta-
tion of the merits of the action unless the admission is
'squarely and conclusively contradicted by something in
the court's record,' " holding instead "that withdrawal or
amendment of an admission will promote the presenta-
tion of the merits of the action even when the admission
is not conclusively contradicted by something in the
record." *Id.*, ¶ 40. The court then concluded that "[t]he
[trial] court's discretionary determination that with-
drawal of the plaintiffs' admissions will subserve the
presentation of the merits of the action was not an
erroneous exercise of discretion," because "[t]he par-
ties . . . evidently regard[ed] the question of Ms.
Luckett's damages for conscious pain and suffering as a
key issue that they [would] dispute at trial," and "[t]he
plaintiffs' admissions, if allowed to stand, would [have]
effectively eliminate[d] a determination on the merits
of these issues." *Id.*, ¶ 41. Accordingly, the court con-
cluded that "granting the plaintiffs' motion to withdraw
the admissions . . . aid[ed] in the ascertainment of the
truth and the development of the merits," satisfying the
first requirement under § 804.11(2). *Id.*

¶ 15.    We conclude that, as in *Luckett*, the fact that
the parties regard the admissions as central to the case
supports a finding that the first requirement under WIS.
STAT. § 804.11(2) is met.[9] *See Luckett*, 318 Wis. 2d 423,
¶ 41. Perez's admissions concede negligence liability,
the central issue in this case, and which Perez clearly

---

[9] In *Luckett*, 318 Wis. 2d 423, ¶ 37, the supreme court
examined the record to determine whether the trial court had
erroneously exercised its discretion in allowing the plaintiffs to
withdraw their admissions, and concluded that the trial court's
decision was a proper exercise of discretion under WIS. STAT.
§ 804.11(2). Here, we examine the record to determine whether
the trial court erroneously exercised its discretion in denying
Perez's request to withdraw her admissions. Despite this dis-

intended to contest at trial. Also in accord with *Luckett*, we do not look to whether there is conclusive evidence in the record contradicting the admissions.[10] *Id.*, ¶ 40. Because the issue of negligence liability is the key issue in this case, the record is scarce as to actual liability, and Perez has now answered the requests for admissions by denying liability, we conclude the only reasonable finding under § 804.11(2) is that allowing Perez to withdraw her admissions will subserve the presentation of the merits. We therefore conclude that the trial court erroneously exercised its discretion in finding that allowing withdrawal would not subserve the presentation of the merits.

¶ 16.   Next, we turn to whether the trial court erroneously exercised its discretion in finding that the second requirement of WIS. STAT. § 804.11(2) was not

tinction, we are bound by *Luckett*'s analysis as to the requirements under § 804.11(2).

[10] In *Luckett*, 318 Wis. 2d 423, ¶ 40 n.19, the majority responded to the dissent's assertion "that the plaintiffs arguably submitted evidence to justify the withdrawal of the admission to the second request but that no evidence was submitted to justify the withdrawal of admissions number one and three." The court said, first, that the defendants had not made that argument. *Id.* Next, the court said that "[i]t [was] not unreasonable, however, to conclude that the entries in the medical records from 2001 'arguably indicate' that Ms. Luckett was capable of and perhaps experienced pain and suffering during the periods covered by the first and third admissions." *Id.* Here, the record contains only the accident reports establishing the facts of the underlying automobile accident. Thus, there is no evidence as to liability in the record at this point for us to weigh. Moreover, while Haushalter argues generally that the trial court properly found that the admissions conformed to the evidence, none of the parties argue that the evidence in the record establishes negligence one way or another.

481

met. The second requirement is met if "the party who obtained the admission fails to satisfy the court that withdrawal . . . will prejudice the party in maintaining the action or defense on the merits." *Id.* To establish prejudice, the party benefitting from the admission "must show prejudice in addition to the inherent consequence that the party will now have to prove something that would have been deemed conclusively established if the opposing party were held to its admissions." *Luckett*, 318 Wis. 2d 423, ¶ 43 (citation omitted).

¶ 17. Perez argues that the trial court erroneously exercised its discretion in finding that Haushalter would be prejudiced by allowing her to withdraw her admissions because it relied on *Mucek* for the proposition that discovery abuses may be considered under the prejudice prong of Wis. Stat. § 804.11(2). Perez first distinguishes the egregious discovery abuses in *Mucek* from the failures to respond in this case. She then argues that the supreme court limited *Mucek* in *Luckett*, by reiterating that only statutory factors under Wis. Stat. § 804.11(2) are relevant to whether a party would be prejudiced by allowing an opposing party to withdraw admissions. *See Luckett*, 318 Wis. 2d 423, ¶¶ 70–71 (moving party's excusable neglect and opposing party's increased liability are irrelevant under prejudice prong of § 804.11(2)). She also argues that the trial court erred in finding that prejudice would follow from the difficulty in obtaining evidence as to liability based on the time between the accident and the summary judgment hearing, because the prejudice inquiry must focus on delay caused by the admission, not the time from the event underlying the action. *See Luckett*, 318 Wis. 2d 423, ¶ 68.

¶ 18. Haushalter argues that the trial court properly exercised its discretion by expressly following

*Mucek* in considering Perez's history of discovery abuse to determine that Haushalter would be prejudiced by allowing Perez to withdraw her admissions. He points out that by the time Perez moved to withdraw her admissions, two sets of interrogatories and requests for admissions were three months overdue, and that rather than attempting to respond to the interrogatories, Perez's counsel argued at the summary judgment hearing that there had been no motion to compel discovery. Haushalter further points out that Perez's counsel provided no reasonable explanation for the delay in responding to discovery requests. Additionally, Haushalter argues that at the time of the summary judgment hearing, trial was only two months away. On these facts, Haushalter argues the trial court properly exercised its discretion in finding prejudice to Haushalter would result if Perez withdrew her admissions.

¶ 19. We conclude that the facts of this case do not support a finding that Haushalter would be prejudiced by allowing Perez to withdraw her admissions, and therefore the trial court erroneously exercised its discretion in finding that prejudice would result. We reach this conclusion based on the facts of this case and our explanation of prejudice in *Mucek*, as further explained in *Luckett*. We do not conclude, as Perez urges, that *Luckett* overruled *Mucek*'s holding that discovery abuses could be considered under the prejudice prong of Wis. Stat. § 804.11(2); we read no language in *Luckett* suggesting this result. Rather, we conclude that the facts of this case do not support a proper exercise of discretion in finding prejudice as defined in § 804.11(2) and explained in case law.[11]

---

[11] The parties cite federal case law in support of their respective positions. Again, because Wisconsin case law is instructive, we need not turn to federal law for guidance. *See supra* note 5.

¶ 20. In *Mucek*, 252 Wis. 2d 426, ¶ 28, we held that "a trial court may consider a party's history of discovery abuse when deciding whether to permit withdrawal or amendment of admissions . . . when determining prejudice under Wis. Stat. § 804.11(2)."[12] Mucek had sued Nationwide Communications, Inc. (NCI), for conduct arising out of her long-distance contract with NCI. *Id.*, ¶¶ 2–3. NCI failed to answer Mucek's request for admissions, resulting in deemed admissions under § 804.11(1)(b). *Id.*, ¶ 11. The trial court denied NCI's subsequent motion to withdraw its admissions. *Id.*, ¶ 13.

¶ 21. We concluded that "the trial court . . . exercised its discretion to deny withdrawal under the view that Mucek had met her burden of showing prejudice."[13] *Id.*, ¶ 27. We explained that the trial court properly looked to NCI's history of discovery abuse, because "there is a difference between those cases in which a party has cooperated with discovery and those cases, like [*Mucek*], in which a party has failed to cooperate throughout the pendency of the case." *Id.*, ¶ 31. Further, we said that "[a] party's ongoing failure

---

[12] As Perez points out, a strongly worded dissent in *Mucek* disagreed with the majority's holding that a trial court may consider a party's history of discovery abuse when determining whether the opposing party would suffer prejudice from withdrawing admissions under Wis. Stat. § 804.11(2). *See Mucek*, 252 Wis. 2d 426, ¶ 69, (Dykman, J., dissenting). However, we are bound by the majority decision, and only the supreme court may limit or modify *Mucek*. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997).

[13] Because we concluded that Mucek met her burden of establishing prejudice, we did not address whether NCI met its burden of establishing that presentation of the merits would be subserved by allowing it to withdraw its admissions. *Mucek*, 252 Wis. 2d 426, ¶ 27 n.4.

to provide documents and information will frequently magnify the importance of requests for admissions precisely because the requesting party has already been deprived of requested information and is all the more dependent on admissions to identify what is actually in dispute." *Id.* Thus, in upholding the trial court's decision to deny NCI's request to withdraw her admissions, we explained that

> NCI's complete failure to cooperate by not responding to interrogatories or requests for documents meant that its failure to respond to requests for admissions left Mucek in the dark regarding what exactly NCI was willing to admit . . . . No doubt NCI would have denied several of the assertions contained in the request for admissions, but Mucek could not know which items NCI might admit if it made a good faith effort to respond to the requests. When NCI first provided answers to some interrogatories and to requests for admissions on the eve of trial, it was too late to cure the harm because of all the time and money Mucek had already expended attempting to prepare for trial.

*Id.*, ¶ 32 (footnote omitted).

¶ 22.   In *Luckett*, the supreme court reiterated our holding in *Mucek* that the prejudice prong of WIS. STAT. § 804.11(2) requires that "the party who obtained the admission 'must show prejudice in addition to the inherent consequence that the party will now have to prove something that would have been deemed conclusively established if the opposing party were held to its admissions.' " *Luckett*, 318 Wis. 2d 423, ¶ 43 (quoting *Mucek*, 252 Wis. 2d 426, ¶ 30). The supreme court explained that "[p]rejudice in maintaining the action or defense on the merits relates to the difficulty a party . . . may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the

sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Id.*, ¶ 44 (citation omitted). However, it rejected the defendants' argument that allowing the plaintiffs to withdraw their admissions resulted in prejudice as a matter of law because it necessitated adjourning the trial for additional discovery. *Id.*, ¶ 47–48. Rather, the court reiterated that "it lies within the [trial] court's discretion to find prejudice under . . . § 804.11(2)."[14] *Id.*, ¶ 48.

¶ 23. The *Luckett* court then turned to the plaintiffs' substantive arguments about the prejudice they would suffer at trial based on the plaintiffs withdrawing their admissions. *Id.*, ¶ 57. First, the court rejected the defendants' argument that they were prejudiced because they could no longer obtain necessary relevant evidence, because the record did not support their argument that the time between the admissions and withdrawal prevented them from obtaining that evidence. *Id.*, ¶¶ 58–68. The court then rejected the defendants' assertion that they would be prejudiced by an increased financial exposure, explaining that "increased exposure is not a pertinent consideration on the prejudice prong." *Id.*, ¶¶ 69–70 (citation omitted). Finally, the court rejected the defendants' argument that they had established prejudice because the plaintiffs could not show excusable neglect for failing to respond to the requests for admissions, explaining that WIS. STAT. § 804.11(2) "does not . . . make 'excusable neglect' a prerequisite for withdrawal or amendment of an

---

[14] The court rejected the defendants' argument that *Mucek* supported a finding of prejudice as a matter of law, and recited our holding in *Mucek* that "a trial court may consider a party's history of discovery abuse . . . when determining prejudice under [WIS. STAT.] § 804.11(2)," without commenting on whether that consideration is proper. *Luckett*, 318 Wis. 2d 423, ¶ 50.

admission," and that, instead, "a court must consider the effect upon the litigation and prejudice to the resisting party, rather than focusing on the moving party's excuses for an erroneous admission."[15] *Luckett*, 318 Wis. 2d 423, ¶ 71 (citation omitted).

¶ 24.   We conclude that, under *Mucek* and *Luckett*, the record does not support a finding of prejudice in this case. While NCI's egregious conduct supported the trial court's exercise of discretion in *Mucek*, the same is not true of Perez's conduct here. In *Mucek*, NCI took no action to comply with discovery for two years, separate from its failure to answer the requests for admissions; its first attorney withdrew based on NCI's refusal to cooperate with discovery; NCI failed to comply with an order by the court compelling discovery; and NCI did not request to withdraw its admissions until five days before trial, and did not respond to Mucek's requests for admissions until the first day of trial. *Mucek*, 252 Wis. 2d 426, ¶¶ 7, 14, 27. Accordingly, the trial court exercised its discretion to find that Mucek would be prejudiced by allowing NCI to withdraw its admissions, saying: "Rarely have I really seen such egregious conduct on the part of a defendant and to come in at the last moment and say the other side is not prejudiced

---

[15] In *Mucek*, 252 Wis. 2d 426, ¶ 36 n.9, we said that "federal courts have considered the absence of a reasonable excuse for failing to respond to a request for admission . . . within the framework of the federal counterpart to WIS. STAT. § 804.11(2)." We need not explore the extent to which *Luckett* contradicts *Mucek*; for purposes of this discussion, it is sufficient that we note that on the record here, even if Perez has not established a reasonable excuse for the discovery delay, Haushalter has not established any prejudice resulting from allowing Perez to withdraw her admissions.

and we should be able to essentially reopen this matter simply doesn't carry any weight with me." *Id.*, ¶ 27.

¶ 25.  Here, in contrast, the requests for admissions and interrogatories were approximately two months overdue when Perez moved to withdraw her admissions and provided answers to the requests; Perez agreed to participate in a deposition scheduled for the time period while the requests for admissions were outstanding, and further agreed to reschedule the deposition at the request of counsel; only approximately one month passed between the time of the deemed admissions and Perez's request to withdraw her admissions; and Perez moved to withdraw her admissions when trial was still several months away.[16] These facts, unlike the facts in *Mucek*, do not support a reasonable finding that allowing Perez to withdraw her admissions would result in prejudice to Haushalter based on egregious discovery violations.

---

[16] Haushalter also cites Perez's failure to provide a valid reason for her delay in responding to discovery requests. Even assuming that this is a proper consideration under *Mucek*, *see supra* ¶ 23 & n.15, we do not agree that the failure to provide a reasonable excuse for the discovery delay in this case, where the delay was not egregious, supports a reasonable finding that Haushalter would be prejudiced by allowing Perez to withdraw her admissions.

Additionally, Haushalter argues that Perez's conduct was egregious because counsel argued at the summary judgment hearing that the court had not issued an order compelling discovery, rather than attempting to comply. While we agree that a party's obligation to comply with discovery is not dependent on whether the court issues an order compelling discovery, we nonetheless conclude that a single failure to respond to interrogatories is distinguishable from the repeated refusals to comply with discovery, including court orders compelling discovery, in *Mucek*.

488

¶ 26. We also conclude, as in *Luckett*, that Haushalter has not met his burden to show that he would suffer prejudice beyond merely having to prove the facts deemed admitted, and therefore there was no reasonable basis for the trial court's finding that Haushalter would be prejudiced by allowing Perez to withdraw her admissions.[17] There is nothing in the record establishing what evidence Haushalter would have obtained absent the two months of deemed admissions, or in what other way Haushalter's ability to litigate liability has been affected by the two-month period of admissions.[18] Accordingly, we agree with Perez that the record establishes that the trial court erroneously exercised its discretion in denying Perez's motion to withdraw her admissions.

¶ 27. Finally, we conclude that the record does not support the trial court's granting summary judgment against Perez based on WIS. STAT. § 805.03. Section 805.03 provides:

> For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just . . . .

It is within the trial court's discretion to dismiss an action based on discovery violations. *See Hudson Diesel, Inc. v. Kenall*, 194 Wis. 2d 531, 541–42, 535 N.W.2d 65

---

[17] *See supra* note 9.

[18] The trial court said that Haushalter would be prejudiced because the accident was two years old, the witnesses were elderly, and trial was scheduled two months away. As explained, this does not support a finding of prejudice.

(Ct. App. 1995). Thus, in *Mucek*, 252 Wis. 2d 426, ¶¶ 35–36, we said that the trial court had authority to deny NCI's request to withdraw admissions as a sanction for its egregious conduct in failing to comply with procedural rules and court orders. We based this on the need for the court "to maintain the orderly and prompt processing of cases." *Id.*, ¶ 35. However, we have explained that "[b]ecause dismissal of a complaint terminates the litigation without regard to the merits of the claim, dismissal is an extremely drastic penalty that should be imposed only where such harsh measures are necessary." *Hudson Diesel*, 194 Wis. 2d at 542. Thus, the supreme court has held that a trial court only properly exercises its discretion to dismiss an action as a sanction if "the non-complying party has acted egregiously or in bad faith." *Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, ¶ 43, 299 Wis. 2d 81, 726 N.W.2d 898. A trial court may therefore dismiss an action if discovery violations are "extreme, substantial, and persistent." *Id.* (citation omitted).

¶ 28. As explained above, the discovery violations in this case are not on par with the egregious violations in *Mucek*. The discovery violations here were a failure to respond to two sets of interrogatories and requests for admissions, and Perez otherwise attempted to comply with discovery requests. We conclude that, on this record, there is no basis for a finding that a sanction of dismissal is just in this case. Accordingly, we reverse and remand with instructions for the trial court to allow Perez to withdraw her admissions.

*By the Court.*—Judgments reversed and cause remanded with directions.